Levord Henry WARREN, Appellant,

v.

STATE of Texas, Appellee.

No. 1048–84.

Court of Criminal Appeals of Texas,
En Banc.

March 22, 1989.

Richard Alan Anderson, on appeal only, Dallas, for appellant.

Henry Wade, Former Dist. Atty., John Vance, Dist. Atty., John D. Nation, Sue Lagarde and Mike Gillett, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

TEAGUE, Judge.

The record reflects that, after hearing testimony from at least four eyewitnesses who testified that they had witnessed Levord Henry Warren, henceforth appellant, commit the non-capital offense of aggravated robbery of Julia Worsham, a jury convicted appellant of that offense. The trial judge assessed appellant's punishment at life imprisonment. On direct appeal, the Fifth Court of Appeals, in an unpublished opinion, affirmed the trial court's judgment, holding, *inter alia*, that appellant had failed to properly preserve his claims of error that the trial judge had improperly excused from the jury panel two venirepersons, Chapman and Egleston. See *Warren v. State*, Tex.App.—Dallas, No. 05–83–0001–Cr, February 21, 1983.

The record reflects that, over appellant's objection, the trial judge *sua sponte*, without a challenge for cause from either the prosecuting attorney or appellant's trial attorney, excused from the jury panel venirepersons Chapman and Egleston. The trial judge also *sua sponte* excused from the jury panel three other venirepersons, but appellant did not object to these excusals. The State's prosecutor at trial did not object to any of the excusals by the trial

judge. The court of appeals found that appellant's claimed errors, that the trial judge improperly excused from the jury panel venirepersons Chapman and Egleston, were not properly preserved for appellate review because the record failed to reflect that the State had exhausted all of its peremptory strikes.

Thereafter, this Court granted appellant's petition for discretionary review to review the above finding. In an unpublished opinion, contrary to the court of appeals, this Court found that the record, as appellant had argued on appeal, did indeed reflect that the State had used all of its peremptory challenges; thus, this Court found that the errors were preserved for appellate review. This Court remanded the cause to the court of appeals for that court to reconsider appellant's contentions, that the trial judge had improperly excused from the jury panel venirepersons Chapman and Egleston. See *Warren v. State*, Tex.Cr.App. No. 295-83, February 1, 1984.

On remand, the court of appeals, in another unpublished opinion, again rejected appellant's contentions. See *Warren v. State*, Tex.App.—Dallas No. 05-83-00001-Cr, September 4, 1984. The court of appeals did so after finding that prospective juror Chapman was properly excused by the trial judge. It further found that it did not have to decide whether prospective juror Egleston was improperly excused because it found from its calculations that Egleston could not have been selected as a juror in any event. Thus, it held appellant suffered no harm as a result of juror Egleston being *sua sponte* excused by the trial judge from the jury panel in this cause.

Thereafter, this Court again granted appellant's petition for discretionary review in order to review the correctness of the above holdings by the court of appeals. Because we find that appellant did not properly, as to these two venirepersons, preserve error, we affirm the judgment of

the Court of Appeals, which affirmed the trial court's judgment.[1]

During the State's voir dire examination, juror Chapman indicated that he would have "a considerable amount of trouble" basing a verdict on one witness' testimony. After the State had finished its voir dire examination, the Court called juror Chapman to the bench and the following colloquy took place:

(By the State). This is Mr. Chapman and I believe the question we posed on Voir Dire and Mr. Chapman indicated that he would require more than the testimony of one witness so I don't have any more questions.

Q. (By the Defense). I would like to ask him a question. Mr. Chapman, taking the circumstances of whatever the witness testified and if you believed the witness beyond a reasonable doubt that he was telling the truth, had positive ID, are you saying based upon that type of information you still could not convict on one eye witness's testimony if it was proved beyond a reasonable doubt?

A. Let me explain to you what happened here. Two years ago I was down here on a case that involved just that type of situation where it was an undercover man testifying against someone that he had bought narcotics from and he was not that convincing and we, as a Jury, had a lot of trouble in reaching a decision and we came to a conviction decision on that and then about maybe a year and a half after that it turns out that the undercover people—it turned out that the undercover people here had been giving false testimony and falsifying evidence and I believe at the time there was more than one of them and I have a lot of trouble with that kind of thing.

(By the State). I understand.

A. And so determined at that time that I didn't want to put myself in that position if I couldn't believe someone sworn to uphold the law in that situation.

---

1. Because we find that appellant failed to preserve error as to these two veniremen, we need not address appellant's second ground for review as to whether or not the court of appeals correctly or incorrectly concluded that juror Egleston could not, by its calculations, be reached for jury service.

(By the State). Well, I understand that.

A. So that is my problem.

Q. (By the Defense). Okay. But the question is, that particular time you said you had some trouble about believing the officer in the first place, did you not say that?

A. I did. It was difficult, he wasn't that convincing to start with.

Q. (By the Defense). Now, I wonder if a witness does convince you and you do feel he is telling the truth beyond a reasonable doubt—

A. I can, as I tried to say before that I am, under the law, it forces us to accept this type of situation and I believe that I could if I had to make a judgment between two people as to arrive at some decision to fulfill the law, that one is right or wrong in a situation but I don't want to get put in a position where there is not an authoritative figure based upon that type of situation where it is a police officer or whatever, I will simply accept that situation as such.

(By the Defense). That is fine, I don't have any problem with that, Judge, we think the juror is qualified.

Q. (By the State). Well, let me ask you a question. I thought—I thought your answer before and I think it is one the record—

A. It is.

Q. (By the State). Let me ask it to you again, I thought you said and maybe now I misunderstood but you said that if you were confronted with a situation apparently because of your prior experience where you had to make a decision based upon the testimony of one witness and that is all there was, that you could not at this point in time in light of your prior experience, be able to find someone guilty based upon the testimony of one witness without more evidence. Now, was that—

A. That is what I said, yes. That is what I said, that I could not do that.

(By the State). Okay.

A. That from what happened before I think it would influence my decision here.

(By the Court). Mr. Chapman, you have been very fair and I'm going to excuse you.

(By the Defense). To which the defense would object, your Honor.

(By the Court). All right. You can take an exception.

With respect to juror Egleston, during the State's voir dire examination, the juror indicated that she would have trouble assessing a life sentence for robbery when there was no proof of actual bodily injury. The Court, focusing upon whether Egleston would be able to follow the law, elicited the following testimony:

(Juror). The problem that I have is the life sentence for robbery.

Q. (By the Court). You mean you tell me that you haven't heard any of the facts yet and—

A. No.

Q. (By the Court) And you tell me that if you listen to the facts and you thought that they justified a life sentence, you couldn't give it?

A. Well, if, you know, I listen to the facts and you thought that they justified a life sentence, you couldn't give it.

Q. In other words, you would require somebody to have bodily injury even though the law doesn't require it?

A. I would have a hard time saying a life sentence, yeah, I don't believe I could.

Q. (By the Defense): Mrs. Egleston, the question is not for you to determine what type—what the facts are that are involved. The question is, after hearing the facts in this particular trial, based upon the facts and based upon those facts alone, if the facts warrant it, it doesn't make any difference what happened, but if you feel that the facts warranted a life sentence, we don't know anything that occurred or how it occurred but from the facts if you felt from the facts that he deserved a life sentence, could you give it?

A. If there was no bodily harm, if it was just a robbery, no.

(By the Court). I will excuse you.

(By the Defense). We would object, Your Honor, to that.

(By the Court): All right. You can take an exception. You may be excused. Thank you.

■ It is well settled that a trial judge should not on his own motion excuse a prospective juror for cause unless the juror is *absolutely disqualified* from serving on the jury. *Goodman v. State*, 701 S.W.2d 850 (Tex.Cr.App.1985). A prospective juror is absolutely disqualified from serving on a jury and must be excused from the panel according to Art. 35.16, V.A.C.C.P., if the prospective juror (1) has been convicted of theft or any felony, (2) is under indictment or other legal accusation for theft or any felony, or (3) is insane. Because neither juror Chapman nor juror Egleston fit into one of the above categories the *sua sponte* excusal of these jurors by the trial judge was clearly error.

In *Green v. State*, 764 S.W.2d 242 (Tex. Cr.App.1989), a capital murder case, this Court held that when a trial judge *sua sponte* excludes "a *disqualified juror*", i.e. a juror subject to a challenge for cause, to show harm a defendant must establish that he was tried by a jury to which he had a legitimate objection.

■ Judge Duncan, writing for the court in *Green*, emphasis supplied, stated the following:

> In summary, if a *disqualified prospective juror* is *sua sponte* excused (in a capital murder case) in order to preserve error and establish harm a defendant must:

(1) object to the *sua sponte* excusal of the juror;

(2) at the conclusion of the voir dire claim that he is to be tried by a jury to which he has a legitimate objection;

(3) specifically identify the juror or jurors that he is complaining (about);

(4) exhaust all of his peremptory challenges and request additional peremptory challenges.

Although a capital murder case, we find that the guidelines Judge Duncan set out for the Court in *Green* should also be applied to non-capital cases.

In the instant case, both Chapman and Egleston were *sua sponte* excused by the trial judge, to which appellant objected. The trial judge clearly erred in excusing the venirepersons.

The record reflects, however, that both jurors were subject to a challenge for cause either because they had a bias or prejudice in favor of or against the defendant or because they had a bias or prejudice against a phase of the law upon which the State was entitled to rely for conviction or punishment. See Art. 35.16(a)(9) and (b)(3), V.A.C.C.P.

■ The record reflects that appellant did not, at the conclusion of the voir dire, claim that he was being tried by a jury to which he had a legitimate objection, nor did he specifically identify venirepersons Chapman and Egleston as being jurors he had a complaint about, nor did he, after he had exercised all of his peremptory strikes, request any additional peremptory challenges, all of which must be satisfied under *Green*.[2]

---

2. At first blush, it may appear that we are requiring the attorney who represented appellant when he was tried to have been prescient about what this Court would hold in *Green*. We disavow such a notion. The voir dire in *Green* was conducted much like it would have been in a non-capital case. We find that what Judge Duncan did for the Court in *Green* was to simply more clearly articulate what this Court has long required, if not expressly, at least implicitly, to preserve error and establish harm when a trial judge *sua sponte* excuses a prospective juror. In *Payton v. State*, 572 S.W.2d 677, 680 (Tex.Cr. App.1978) (On appellant's motion for rehearing), a non-capital case, the Court was confronted with the situation where the trial judge *sua*

sponte excused a prospective juror after concluding that the juror was disqualified as a matter of law from serving as a juror. As it turned out, the juror was found not to have been disqualified as a matter of law from serving as a juror.

As to perfecting the error for appellate review purposes, this Court stated the following:

> We summarize the rules ... (W)hen the issue concerns ... exclusion of a qualified venireman, only the examination of the individual venireman need be in the record. (Once it is established that the venireman was improperly excused), (t)hen harm may be shown ... by showing exhaustion of the defendant's per-

We agree with the court of appeals that the trial court's judgment must be affirmed. However, for the reasons that we have given, we disagree with its rationale.

The judgment of the court of appeals is affirmed.

CLINTON and CAMPBELL, JJ., concur in the result.

emptory challenges, denial of a request for additional peremptory challenges, and the seating of a juror upon whom the defendant would have exercised (a) peremptory challenge (if he had had another peremptory challenge to use).

We find that *Green* does not substantially depart from the above. We also emphasize that we are not in this cause dealing with the erroneous sustaining of a State's challenge for cause or the overruling of a defendant's challenge for cause, and either or both has exhausted their peremptory strikes. We are instead dealing with the situation where the trial judge *sua sponte* excused two venirepersons who were not disqual-

ified as a matter of law to serve, but who were subject to challenges for cause, and both the State and the defendant had exhausted their allocated peremptory strikes. As we previously pointed out, although appellant established that he had exhausted his peremptory challenges, and also established why two venirepersons should not have been excused *sua sponte* by the trial judge, he failed to perfect his error for appellate review purposes by not objecting to the jury that was ultimately impaneled and by also failing to request additional peremptory strikes in order to then challenge a member of the jury who he would have used a strike on had he had one to use.