IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 




NO. 3-91-178-CR




RICHARD JEROME TALIAFERRO,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 




FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT



NO. CR90-318, HONORABLE TED BUTLER, JUDGE PRESIDING



 




 After finding the appellant guilty of aggravated robbery, Tex. Penal Code Ann. §
29.03 (Supp. 1991), the jury assessed punishment, enhanced by a prior criminal conviction, at 99
years confinement and a fine of ten thousand dollars.

 Appellant urges three points of error, asserting that the trial court erred in failing
to allow appellant to rehabilitate a prospective juror prior to the venire member being excused;
that the trial court erred in allowing a peace officer to testify, over appellant's objection, to facts
establishing serious bodily injury; and that the evidence was insufficient to support a conviction
in that there was no medical evidence to sustain an allegation of serious bodily injury. We
overrule appellant's points of error and affirm the trial court's judgment.

 John Tatum, the sole employee at Pit Stop Food Mart in New Braunfels on the
occasion in question, identified appellant as the person who entered the store brandishing a gun
during the early morning hours of August 21, 1990. Appellant shot Tatum in the arm, in the
chest and in the mouth. Tatum identified a .32 caliber revolver as the type of weapon used by
appellant. Appellant took the store's cash register and Tatum's wallet.

 In point of error one, appellant asserts that prospective juror Cantu was excused
by the court without defense counsel being afforded an opportunity to rehabilitate him. After
Cantu advised the court, "I just wanted to let you know I'm illiterate, and don't know how to read
and write," the court excused Cantu. The record reflects the following transpired after the court
advised Cantu that he was excused:



[Defense counsel]: Your Honor, is there -- did the Court want to go ahead and
test him as to his qualifications?


[Prosecutor]: Well, he said he's illiterate. That's absolute.


[Defense counsel]: Well, but what I'm saying, Your Honor, if the man had a
driver's license or anything like that, how he had obtained
it.


[Prosecutor]: You can take an oral test for a driver's license, Your Honor. 
The man was up here under oath as a juror, and I presume
he wasn't lying.


[Defense counsel]: Note our exception to that excusing, Your Honor.



 The inability to read or write is a basis for the challenge for cause of a prospective
juror by either the State or the defense. See Tex. Code Crim. Proc. Ann. art. 35.16(a)(11)
(1989). Since the inability to read or write does not constitute an absolute disqualification under
Tex. Code Crim. Proc. Ann. art. 35.19 (1989), the trial court abused its discretion by sua sponte
excluding the juror. Goodman v. State, 701 S.W.2d 850, 856 (Tex. Crim. App. 1985). The
pivotal question then becomes whether the court's abuse of discretion constitutes reversible error. 
Warren v. State, 768 S.W.2d 300, 303 (Tex. Crim. App. 1989); Goodman, 701 S.W.2d at 856.

 In Green v. State, 764 S.W.2d 242 (Tex. Crim. App. 1989), the court stated that
if a disqualified prospective juror is sua sponte excused, in order to preserve error and establish
harm, a defendant must:






(1) object to the sua sponte excusal of the juror;


(2) at the conclusion of the voir dire claim that he is to be tried by a jury to which
he has a legitimate objection;


(3) specifically identify the juror or jurors that he is complaining (about);


(4) exhaust all of his peremptory challenges and request additional peremptory
challenges.



Id. at 247.

 While Green was a capital case, the court in Warren stated that the same guidelines
should also be applied to non-capital cases. Warren, 768 S.W.2d at 303. In the instant case,
appellant did not comply with any of the requirements for showing harm at the conclusion of the
voir dire examination. Appellant's point of error number one is overruled.

 In point of error two, appellant asserts the trial court erred in allowing Officer
Boatwright to testify, over objection, to facts establishing serious bodily injury. The thrust of
appellant's complaint appears to be that the court's charge authorized the jury to convict appellant
if they found appellant caused serious bodily injury or used or exhibited a deadly weapon in
committing the offense of robbery. (1) Appellant urges that the officer's inadmissable testimony
about Tatum's injuries tended to support a finding of serious bodily injury. We find appellant's
reliance on Arceneaux v. State, 803 S.W.2d 267 (Tex. Crim. App. 1990) and Benson v. State, 661
S.W.2d 708 (Tex. Crim. App. 1983), cert. denied, 467 U.S. 1219 (1984), to support his
contention that the court's charge authorized a conviction upon a finding of serious bodily injury
to be misplaced.

 In Benson, the court found the evidence insufficient to sustain a conviction of
retaliation against a witness when the evidence showed that the defendant attempted to coerce a
prospective witness to drop assault charges against him. The court noted that the statute made a
distinction in the manner in which it treated "witness" and "prospective witness." Id. at 710-11.

 In Arceneaux, reversal of a conviction for delivery of cocaine resulted when the
court had instructed the jury in its charge that a conviction required a finding that the exhibit
introduced in evidence by the State was cocaine when no cocaine was ever introduced in evidence. 
Arceneaux, 803 S.W.2d at 268. The court stated that even though it was not necessary that
cocaine be introduced at trial, the court's charge requiring its introduction could not be treated
as surplusage. Id. at 271.

 The aggravating element alleged in the indictment in the instant case was the use
of "a deadly weapon, to wit: a hand gun." The court instructed the jury that "the offense
[robbery] is aggravated robbery if the person committing robbery uses or exhibits a deadly
weapon." In the charging portion of the court's instruction the jury was authorized to find
appellant guilty of aggravated robbery if appellant "caused bodily injury to John Tatum by using
a deadly weapon, to wit: a handgun." While the court defined "serious bodily injury" in its
charge, neither the court's definition of aggravated robbery nor the charging portion of the court's
instruction to the jury incorporated the element of "serious bodily injury."

 Further, error, if any, in the admission of the officer's testimony regarding the
seriousness of Tatum's injuries was harmless. See Tex. R. App. P. Ann. 81(b)(2) (Pamph. 1991). 
Tatum testified that the shot which hit his arm damaged nerve endings that control the arm and
hand resulting in partial paralysis and atrophy in the triceps. The shot in Tatum's mouth was
from a distance of "approximately three inches," causing the loss of eight teeth. As a result,
Tatum stated that his "whole bottom plate is now false." The bullet that hit Tatum in the chest
"traveled down, ricocheted off a rib, and then went back up and lodged underneath my
collarbone." Tatum related that his discussions with the doctor revealed that he was very lucky
that the bullet did not strike any major organs. Tatum concluded that he felt that his life was
threatened, that he received serious bodily injuries, and that he had permanent impairment as a
result of the injuries sustained by the gunshot wounds.

 No objection was voiced to any of the foregoing testimony given by Tatum, nor
was it controverted by any evidence introduced by the appellant. In light of Tatum's testimony,
we conclude that error, if any, in the admission of Officer Boatwright's testimony to facts
establishing serious bodily injury sustained by Tatum was harmless beyond a reasonable doubt in
that it made no contribution to the conviction or the punishment. Appellant's point of error two
is overruled.

 In point of error three, appellant asserts the evidence was insufficient to support
the conviction in that there was no medical evidence to support a finding of serious bodily injury. 
Our conclusion in the foregoing point of error, that the court's charge did not require the jury to
find the element of serious bodily injury, is dispositive of this contention. Moreover, while the
courts have stated that it is better to have medical evidence, the courts have held that it is not
necessary to have expert testimony in order to establish serious bodily injury. See, e.g., Botello
v. State, 693 S.W.2d 528 (Tex. App. 1985, pet. ref'd). While a finding of serious bodily injury
is not necessary to support the conviction under the court's charge, we note that the testimony of
Tatum was sufficient to establish this element. (2) Appellant's point of error three is overruled.

 The judgment is affirmed.



 

 Tom G. Davis, Justice

[Before Justices Powers, B. A. Smith and Davis*]

Affirmed

Filed: January 15, 1992

[Do Not Publish]


* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (1988).
1. Section 29.03 provides that the offense of robbery becomes aggravated robbery when
a person:


(1) causes serious bodily injury to another;

(2) uses or exhibits a deadly weapon; or

(3) causes bodily injury to another person or threatens or places
another person in fear of imminent bodily injury or death, if the
other person is:


 (A) 65 years of age or older; or

 (B) a disabled person.

 
2. Tex. Penal Code Ann. § 1.07(a)(34) (1974) defines serious bodily injury as "bodily
injury that creates a substantial risk of death or that causes death, serious permanent
disfigurement, or protracted loss or impairment of the functions of any bodily member or
organ."