**Steve ALVARADO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14–90–01073–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 19, 1991.

Discretionary Review Refused
April 29, 1992.

John T. Quinn, Bryan, for appellant.

James W. Locke, Bryan, for appellee.

Before PAUL PRESSLER, JUNELL and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant, Steve Alvarado, appeals his judgment of conviction for the offense of aggravated assault. TEX.PENAL CODE ANN. § 22.02 (Vernon Supp.1991). The jury rejected appellant's not guilty plea, and found him guilty as alleged in the indictment. The jury, after finding the enhancement paragraphs of the indictment to be true, assessed punishment at forty years confinement in the Institutional Division of the Texas Department of Criminal Justice.

In two points of error, appellant asserts the trial court erred in excluding three venirepersons on a challenge for cause by the court, and that the trial court erred in receiving the jury's verdict because there was insufficient evidence to support the verdict. We affirm.

The complainant, John Wright, testified that his mother and appellant came to live with him and his girlfriend in January of 1990. A fight occurred on January 27, 1990, between appellant and Wright as a result of an argument between appellant and Wright's mother, Virginia Grimsinger. Wright stated appellant charged at him from the front porch of his house with a knife and continued to stab him until his mother and girlfriend beat off appellant with a wooden two-by-four. The wounds required extensive medical attention and a three day stay in the hospital. Appellant testified that he had used his pocketknife in self-defense against Wright.

In point of error one, appellant asserts the trial court erred in excluding three venirepersons upon a challenge for cause by the court. Appellant argues that the court's decision to exclude three prospective jurors was erroneous because there was insufficient evidence for the trial court to exclude them for cause pursuant to Article 35.16 of the Code of Criminal Procedure. TEX.CODE CRIM.PROC.ANN. art. 35.16 (Vernon 1989).

■ Appellant suggests that we review the court's decision based on the standard announced in *Hernandez v. State*, 757 S.W.2d 744, 750 (Tex.Crim.App.1988). This standard requires an appellate court to review whether the evidence was sufficient to support the trial judge's implied finding of fact to sustain a challenge for cause. *Id.* at 753. We find this standard is inapplicable in this case, because *Hernandez* applied to a trial judge's decision to sustain the State's challenge for cause. In the present case, the trial judge on its own motion excused the venire persons in question.

■ The State suggests an abuse of discretion standard applies based on Article 35.03 of the Texas Code of Criminal Procedure. TEX.CODE CRIM.PROC.ANN. art. 35.03 (Vernon 1989). Article 35.03 sets out the court's power, without motion by either party, to determine if a juror's excuse for not serving as a juror is sufficient. *Id.* This standard does not apply, because the court each time specifically stated that he was excusing the jurors "for cause"; and because the particular time and circumstance in which the judge excused these jurors shows that they were excused for cause. Each of the three jurors in the present case were excused by the court for cause after suggesting that they would have some problem with assessing guilt or punishment upon the defendant. The first juror, Jeanette Chavez, stated that her sister was married to appellant's brother and answered affirmatively to the judge's question "would that make you uncomfortable to sit on the jury and vote one way or the other?" The second juror, Anita Ramirez, stated she went to elementary school with appellant and knew his family. She stated that sending appellant to the penitentiary would make it difficult for her to face the family. The third juror, Rodriguez Chavez, stated he knew appellant for 27 years, but mostly knew the parents. He told the judge it would be hard on him to make a decision regarding punishment of appellant.

A judge excuses jurors under article 35.03 at the stage of trial where he has authority to hear and determine sufficiency of the "excuses for not serving as a juror." *Harris v. State*, 784 S.W.2d 5, 18 (Tex. Crim.App.1989), *cert. denied*, 494 U.S. 1090, 110 S.Ct. 1837, 108 L.Ed.2d 966 (1990). The jurors in the present case were not presenting excuses for not serving but were discussing the impact of their relationship and knowledge of appellant. These objectionable jurors were uncovered during the State's voir dire, when a juror asked the prosecutor, "What if we know the accused". The court instructed the State: "Let's talk to these people after we go through the voir dire." The judge's decision to talk to these jurors later was not to hear their "excuses" for not serving, but as the record reveals, was to determine

if they might have difficulty in assessing guilt or punishment against appellant. After hearing the various thoughts of these jurors, the judge excused them and stated they were challenged by him "for cause."

■ A trial judge has no authority on its own motion to excuse a prospective juror for cause under 35.16 unless that juror is "absolutely disqualified" pursuant to TEX. CODE CRIM.PROC.ANN. art. 35.19 (Vernon 1991). *Warren v. State,* 768 S.W.2d 300, 303 (Tex.Crim.App.1989). There are only three absolute disqualifications: if the juror (1) has been convicted of theft or any felony, (2) is under indictment or other legal accusation for theft or any felony, or (3) is insane. *Id.;* TEX.CODE CRIM.PROC.ANN. art. 35.16 and 35.19 (Vernon 1989). None of these absolute disqualifications applied to the three jurors in the present case. It is clear that the trial judge excused these three jurors based on a bias or prejudice in favor of the defendant pursuant to Article 35.16(a)(9). TEX.CODE CRIM.PROC.ANN. art. 35.16(a)(9) (Vernon 1989).

■ Appellant did not object on the basis of the trial court's error in excusing these jurors on its own motion. In fact, appellant did not argue that basis on appeal, but only argues that the jurors should not have been excused for cause because there was no showing of bias or prejudice. It is appellant's burden to make a specific and proper objection and then to call the attention of the trial court to the specific complaint raised on appeal. *See Little v. State,* 758 S.W.2d 551 (Tex.Crim.App.1988), *cert. denied,* 488 U.S. 934, 109 S.Ct. 328, 102 L.Ed.2d 346 (1988). Without bringing to this court's attention the proper legal complaint to be raised, appellant presents nothing for review.

■ Nevertheless, even if appellant properly preserved his error concerning the trial judge's error in excusing the jurors *sua sponte,* appellant does not even address or establish the harm necessary to require reversal. *See Green v. State,* 764 S.W.2d 242, 247 (Tex.Crim.App.1989). When a trial judge excuses jurors *sua sponte,* appellant must establish that "he was tried to a jury to which he had a

legitimate objection." *Warren v. State,* 768 S.W.2d 300, 303 (Tex.Crim.App.1989), *cert. denied,* 492 U.S. 923, 109 S.Ct. 3253, 106 L.Ed.2d 599 (1989). Merely asserting that appellant was tried to a jury to which he had a legitimate objection is insufficient to establish harm. *Green, supra,* 764 S.W.2d at 247. To preserve error and establish harm appellant must:

(1) object to the excusal of the juror;
(2) at the conclusion of the voir dire claim that he is to be tried by a jury to which has a legitimate objection;
(3) specifically identify the juror or jurors that he is complaining;
(4) exhaust all of his peremptory challenges and request additional peremptory challenges. *Id.*

In the present case, there is a list of both appellant's and State's 10 peremptory strikes of the jurors, however, there is nothing in the record to indicate that appellant requested additional challenges. Also, there is nothing in the record that at the conclusion of voir dire, appellant claimed he was being tried by a jury to which he had a legitimate objection. As a result, appellant did not establish that he was harmed by the exclusion of these three prospective jurors, therefore, we find that the trial court did not abuse its discretion. *See Bell v. State,* 724 S.W.2d 780, 796 (Tex.Crim. App.1986), *cert. denied,* 479 U.S. 1046, 107 S.Ct. 910, 93 L.Ed.2d 860 (1987). Appellant's point of error one is overruled.

■ In point of error two, appellant asserts there was insufficient evidence to support the verdict and, therefore, the court erred in receiving the verdict of the jury. The standard for reviewing sufficiency of evidence is whether, after viewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found all elements of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Butler v. State,* 769 S.W.2d 234, 239 (Tex.Crim.App. 1989), *rev'd on other grounds, Greesa v. State,* 820 S.W.2d 154 (Tex.Crim.App.1991). Appellant asserts that since appellant testified to a version of the facts which was

different than the victim, the evidence was insufficient to find appellant committed the offense. We disagree. The jury can choose to believe or not believe witnesses, including appellant, or any portion of their testimony, and may believe a witness even though he is contradicted. *Sharp v. State,* 707 S.W.2d 611 (Tex.Crim.App.1986), *cert. denied,* 488 U.S. 872, 109 S.Ct. 190, 102 L.Ed.2d 159 (1988). The jury is entitled to reject one version of facts and accept another. *Johnson v. State,* 673 S.W.2d 190, 196 (Tex.Crim.App.1984); *Penegraph v. State,* 623 S.W.2d 341, 343 (Tex.Crim.App. 1981). The victim's testimony that appellant cut him out of aggression and not self-defense was entirely sufficient to sustain the jury's verdict. Also, appellant is unable to show any evidence which gives hearty support for appellant's self-defense theory. The fact that victim's mother and girlfriend were required to rescue the complainant from appellant was sufficient to corroborate that appellant was the aggressor. A rational trier of fact could have found all the elements of the offense of aggravated assault. Appellant's point of error two is overruled.

Accordingly, the judgment is affirmed.