Opinion issued on July 31, 2002



 









In The

Court of Appeals

For The

First District of Texas






NO. 01-01-00260-CR






JOSE DEJESUS MARTINEZ, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 351st District Court

Harris County, Texas

Trial Court Cause No. 847991






O P I N I O N


 A jury found appellant, Jose DeJesus Martinez, guilty of possessing at least 400
grams of cocaine, and assessed punishment at 29 years confinement and a fine of
$34,000. (1) On appeal, appellant claims that (1) the trial court erred by refusing to
suppress evidence found in his house after an illegal search, (2) the trial court erred
in replacing a prospective juror who had already been selected, and (3) he received
ineffective assistance of counsel. We affirm.

Factual Background

 On June 20, 2000, Officer J.R. Bangilan, a narcotics officer with the Pasadena
Police Department, received information that there was a large amount of narcotics
inside appellant's residence. Within 30 to 45 minutes, Officer Bangilan and several
other officers set up surveillance outside appellant's house. When officers arrived at
the house, they saw appellant outside on his driveway. The officers approached
appellant and explained they were there to investigate. Appellant signed a consent
to search form and, after searching appellant's house, officers recovered
approximately one kilogram of cocaine in the kitchen, about 912 grams of marihuana
from a bedroom, $2,500 in cash, and a drug ledger. The officers also found $1,635
in cash in appellant's pockets.

Motion to Suppress Evidence

 In his first, second, and fourth points of error, appellant contends the trial court
erred by overruling his motion to suppress evidence, because the evidence seized was
the fruit of an illegal search. Although appellant's motion to suppress was filed
before trial, it was not presented to the trial court for a pretrial ruling. Instead,
appellant brought the motion to the court's attention during trial.

 As a general rule, a motion to suppress will preserve error in the admission of
evidence, without further objection at trial, if the motion is overruled by the court
following a pretrial hearing. Writt v. State, 541 S.W.2d 424, 426 (Tex. Crim. App.
1976). However, if no pretrial hearing is held on the motion, the defendant must
object to the evidence at trial in order to preserve error. See Ross v. State, 678
S.W.2d 491, 493 (Tex. Crim. App. 1984). To preserve error in the admission of
evidence, a trial objection must be timely. See Tex. R. App. P. 33.1(a)(1); Ross, 678
S.W.2d at 493. To be timely, an objection must be made before the evidence is
admitted or as soon as the ground for objection becomes apparent. See Lagrone v.
State, 942 S.W.2d 602, 618 (Tex. Crim. App. 1997).

 In this case, the record reflects that appellant did not object until after two
police officers testified extensively about the search of appellant's house. Officer
Ruben Zermeno testified that, (1) appellant signed a written consent to search form,
(2) he entered appellant's house and detained several occupants, and (3)
approximately $1,000 in cash was found in the pockets of appellant's clothing. 
Officer Zermeno identified State's exhibit 4, as the consent-to-search form appellant
signed, and it was admitted into evidence without objection.

 Next, Officer Bangilan testified that, prior to entering appellant's house,
appellant signed a consent-to-search form. Officer Bangilan testified that
approximately four officers, including himself, conducted a systematic "room-to-room" search of appellant's house. He testified that he recovered documents which
proved appellant was the homeowner, and that, during a search of appellant's kitchen
cabinets, he found approximately one kilogram of cocaine wrapped in tape. Officer
Bangilan identified State's exhibit 1A as the cocaine found in appellant's kitchen and
State's exhibit 1B as the "tape wrapping" appellant used to seal the cocaine. Both
exhibits were published to the jury. A photograph of the cocaine was admitted into
evidence without objection and published to the jury.

 Appellant then lodged an objection, and brought his motion to suppress to the
trial court's attention. Appellant's objection came too late. See Marini v. State, 593
S.W.2d 709, 714 (Tex. Crim. App. 1980) (holding defendant waived error in
admission of drug evidence by failing to object to preceding testimony of officers
with regard to defendant's arrest and items found in search); Thomas v. State, 884
S.W.2d 215, 216 (Tex. App.--El Paso 1994, pet. ref'd) (same); see also Turner v.
State, 642 S.W.2d 216, 217 (Tex. App.--Houston [14th Dist.] 1982, no pet.) (same).

 Accordingly, we overrule appellant's first, second, and fourth points of error.

Voir Dire

 In his third point of error, appellant claims the trial judge erred by sua sponte
excusing a selected juror, and conducting a separate voir dire with a new panel in
order to replace the excused selected juror. 

 On Wednesday, January 17, 2001, the parties conducted voir dire and selected
12 prospective jurors. Before the jury was sworn, during the judge's admonishments,
one of the selected prospective jurors spoke up and informed the judge that she had
to go out of town on Friday, to California, to visit her daughter, who was having
problems with her pregnancy. She stated that her feelings about having to miss this
trip would stop her from being able to fairly and impartially consider the evidence. 
After a brief off the record discussion with counsel, the judge decided to dismiss this
prospective juror. The next day, the judge brought in a panel of 14 new
venirepersons in order to complete the jury. Both sides were given three additional
strikes, and after a brief voir dire, a replacement juror was chosen. 

 The law is well-settled that a defendant's failure to object to a trial court's sua
sponte exclusion of a prospective juror waives the right to complain of the exclusion
on appeal. Cooks v. State, 844 S.W.2d 697, 717-18 (Tex. Crim. App. 1992); Warren
v. State, 768 S.W.2d 300, 303 (Tex. Crim. App. 1989) (holding that, after sua sponte
dismissal of prospective juror, any error is waived in absence of objection); Alvarado
v. State, 822 S.W.2d 236, 239 (Tex. App.--Houston [14th Dist.] 1991, pet. ref'd)
(same).

 In this case, the record indicates that appellant did not object when the trial
judge, sua sponte, excused the selected prospective juror, nor did he object to the
judge's decision to conduct a separate voir dire to find a replacement. In fact, the
record shows that, immediately after the judge dismissed the prospective juror,
appellant's trial counsel stated, "just for the record, your Honor, it's my
understanding that we're going to impanel ten people tomorrow and select one juror.
And I don't object to that process or excusing this lady." (Emphasis added.) 
Under the circumstances, we hold that appellant's failure to object waived this point
of error. See Tex. R. App. P. 33.1(a); see Cooks, 844 S.W.2d at 717-18; Warren, 768
S.W.2d at 303; Alvarado, 822 S.W.2d at 239. (2)

 We overrule appellant's third point of error. 



Ineffective Assistance of Counsel

 In his fifth point of error, appellant claims that his attorney was ineffective for
(1) calling a particular defense witness, (2) failing to call additional witnesses, (3)
failing to prepare his witnesses, and (4) failing to conduct an independent
investigation of the facts.

 Standard of Review

 Appellant did not file a motion for new trial. The standard of review for
evaluating claims of ineffective assistance of counsel is set forth in Strickland v.
Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). See Thompson v.
State, 9 S.W.3d 808, 812-13 (Tex. Crim. App. 1999). Under Strickland, appellant
must first show that his counsel's performance was so deficient that it fell below an
objective standard of reasonableness. See Strickland, 466 U.S. at 687; see
Thompson, 9 S.W.3d at 812-13. Second, appellant must affirmatively prove that he
was prejudiced by his counsel's conduct. Thompson, 9 S.W.3d at 812-13. In other
words, appellant must prove by a "reasonable probability" that, but for counsel's
unprofessional conduct, the result of the proceeding would have been different. Id. 
A "reasonable probability is a probability sufficient to undermine confidence in the
outcome of the trial." Id.

 The assessment of whether appellant can prevail on a claim of ineffective
assistance of counsel is a fact-intensive inquiry. Thompson, 9 S.W.3d at 812-13. 
Appellant bears the burden of proving ineffective assistance of counsel by a
preponderance of the evidence, and it must be firmly supported by the record. Id. 
Appellant must overcome the presumption that, under the circumstances, the
challenged action might be considered sound trial strategy. Gamble v. State, 916
S.W.2d 92, 93 (Tex. App.--Houston [1st Dist.] 1996, no pet.). This Court will look
to the totality of the representation and the particular circumstances of this case in
evaluating whether appellant's counsel was effective. Ex parte Felton, 815 S.W.2d
733, 735 (Tex. Crim. App. 1991). However, we will not make a finding of
ineffectiveness based on speculation. Gamble, 916 S.W.2d at 93. 

 Decision to Call Defense Witness

 First, appellant claims his counsel was ineffective for calling appellant's sister,
Lidie Martinez (Lidie), as a defense witness. Appellant contends that, because Lidie
testified that appellant used the bedroom where some of the drugs were found, her
direct testimony was without purpose, and should have kept trial counsel from calling
her as a witness.

 However, the decision to call a witness is generally a matter of trial strategy. 
Rodd v. State, 886 S.W.2d 381, 384 (Tex. App.--Houston [1st Dist.] 1994, pet.
ref'd); see also Weisinger v. State, 775 S.W.2d 424, 427 (Tex. App.--Houston [14th
Dist.] 1989, pet. ref'd) (holding it is trial counsel's prerogative, as matter of trial
strategy, to decide which witnesses to call). Although some of Lidie's testimony
could have compromised appellant's case, the majority of her testimony was
favorable to his defense. During direct examination, Lidie testified that there were
four or five other men staying at the house at the time of the search, and, on several
occasions, other people stayed at appellant's house when he was out of town. Her
testimony, if believed, undermines the State's case that appellant was solely
responsible for the cocaine found in his house. For us to hold, in hindsight, that the
decision to call Lidie was deficient, we would have to speculate and second guess
trial counsel's strategy. See Solis v. State, 792 S.W.2d 95, 100 (Tex. Crim. App.
1990). This we will not do. Gamble, 916 S.W.2d at 93.

 Decision Not to Call Witnesses

 Second, appellant claims that his trial counsel was ineffective because he failed
to seek out, and call, "crucial" witnesses. Appellant claims his counsel should have
called (1) the other men who lived in the house, (2) his brother, who was in charge
of supervising the other men, and (3) an unidentified man who was arrested in a drug
buy after he was seen carrying drugs from appellant's house several weeks before the
search. Appellant argues that these witnesses could have established his innocence.

 However, absent a showing that potential defense witnesses were available, and
that their testimony would have in fact benefitted the defense, counsel's failure to call
these witnesses is of no moment. Wilkerson v. State, 726 S.W.2d 542, 551 (Tex.
Crim. App. 1986); Simms v. State, 848 S.W.2d 754, 758 (Tex. App.--Houston [1st
Dist.] 1993, pet. ref'd). 

 Here, because appellant failed to file a motion for new trial, the record contains
no evidence that any of these potential witnesses were available to testify, or how
their testimony would have benefitted the defense. Therefore, without speculating,
we cannot determine whether appellant's counsel was ineffective on this point. See
Simms, 848 S.W.2d at 758 (refusing to find counsel ineffective without showing that
witnesses were available and how their testimony would have benefitted defense).

 Preparation of Witnesses

 Third, appellant claims that his attorney was ineffective because he failed to
interview and prepare his witnesses. In support of his argument, appellant relies on
a statement his attorney made during closing arguments:

 These people, I think you could believe them. I vouch - -
I mean, I presented them to you cold turkey. I didn't
prepare. I don't do that. Just get them up there so that you
could see them in their diapers, like babies. That's the way
I like it. I don't play lawyer games, because you're too
smart for that. And he's too smart for that. That's the way
I do it.

 Taking this statement at face value, we cannot say trial counsel did not engage
in sound strategy. Gamble, 916 S.W.2d at 93. Although one interpretation would
support appellant's argument that his counsel failed to prepare his witnesses, another
interpretation would support a finding that counsel was attempting to show that his
witnesses were credible, uncoached, and telling the truth. See id. 

 Moreover, even assuming trial counsel's representation was deficient, appellant
has not shown that, absent this deficiency, the result of the proceeding would have
been different. Thompson, 9 S.W.3d at 812-13.

 Independent Investigation

 Finally, appellant claims that his counsel was ineffective for failing to
investigate the facts of his case. Specifically, appellant argues that his counsel should
have reviewed the utility bills recovered at his house because the addresses found on
the bills were different from the address written on the consent-to-search form. (3) 
Appellant, claims that his counsel was ineffective because, had he compared the
utility bills to the consent to search form, he would have challenged the search based
on the different addresses.

 However, we cannot determine from this record whether trial counsel reviewed
the bills or whether he was aware that the addresses were different. See Gamble, 916
S.W.2d at 93. Even assuming trial counsel's representation was deficient in this
respect, we still cannot hold there is a reasonable probability that, had he challenged
the legality of the search on the asserted grounds, the result of the trial would have
been different. Thompson, 9 S.W.3d at 812-13. All the evidence at trial indicated
that, when officers arrived at 8219 Magnolia, appellant was standing on his driveway,
outside his house, and he signed the consent to search his house. 

 We overrule appellant's fifth point of error. 

Conclusion

 We affirm the trial court's judgment.




 

 Margaret Garner Mirabal

 Justice

 

Panel consists of Justices Mirabal, Taft, and Smith. (4)

Do not publish. Tex. R. App. P. 47.4.
1. Tex. Health & Safety Code Ann. § 481.115(f) (Vernon Supp. 2002).
2. We note that even if appellant had objected, the trial court would have properly
acted within its discretion in overruling the objection. See Glivens v. State,
918 S.W.2d 30, 32 (Tex. App.--Houston [1st Dist.] 1996, pet. ref'd); Williams
v. State, 631 S.W.2d 955, 957 (Tex. App.--Austin 1982, no pet.).
3. The address written on the consent to search form was "8219 Magnolia" and
the address on the bills was "8219 E. Magnolia."
4. The Honorable Jackson B. Smith, Jr., retired Justice, Court of Appeals, First
District of Texas at Houston, participating by assignment.