NUMBER 13-04-123-CR

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG  

 

                                      EX
PARTE JESUS VIVES, JR.

 

          On
appeal from the 398th District Court of Hidalgo County, Texas.

 

                                MEMORANDUM
OPINION

 

         Before
Chief Justice Valdez and Justices Hinojosa and Yañez

                            Memorandum
Opinion by Justice Yañez

 

Appellant, Jesus Vives, Jr., filed an application
for writ of habeas corpus seeking to avoid extradition to Michigan.  Following a hearing, the trial court denied
appellant the relief he sought and authorized his extradition.  Appellant also filed a motion for new trial,
which the trial court denied.  In a
single issue, appellant contends the trial court erred in denying his habeas
petition because he is not a fugitive from Michigan.  We affirm.








As this is a memorandum opinion not designated for
publication and the parties are familiar with the facts, we will not recite
them here except as necessary to advise the parties of the Court's decision and
the basic reasons for it.[1]

The record contains the trial court's certification
that the case is not a plea‑bargain case and the defendant has the right
of appeal.[2]

                                                                Applicable
Law

If the governor has signed a governor's warrant
granting extradition, a trial court entertaining an application for writ of
habeas corpus may decide only four issues: (1) whether the extradition
documents are facially in order; (2) whether the applicant has been charged
with a crime in the demanding state; (3) whether the applicant is the person
named in the demand for extradition; and (4) whether the applicant is a
fugitive.[3]
Additionally, an accused may raise the issue of his mental competency to
consult with counsel.[4]

 A governor's
warrant which is regular on its face is sufficient to make a prima facie case
authorizing extradition.[5]  Once the governor's warrant is shown to be
regular on its face, the burden shifts to the petitioner to show that (1) the
warrant was not legally issued, (2) it was issued on improper authority, or (3)
the recitals in it are inaccurate.[6]








Federal
law provides for mandatory extradition of interstate fugitives who commit an
offense in one state and then flee to another state.[7]  The Texas Code of Criminal Procedure imposes
a duty upon the Governor to order extradition under these mandatory
circumstances.[8]  Section six of article 51.13 gives the
Governor discretion to surrender any person whose actions in Texas, or in a
third state, intentionally result in a crime in the demanding state.[9]                                               

Analysis

The State of Michigan has charged appellant with
felony criminal non-support of his children. 
The obligation for support arose out of a divorce decree entered in
Michigan in 1996.  The documents admitted
into evidence at appellant=s habeas hearing reflect that  as of October 25, 2002, appellant allegedly
had accumulated an arrearage of $39,168.74.








Appellant contends the trial court erred in denying
his request for habeas relief because he properly raised an issue as to whether
he is a fugitive from Michigan.[10]  Specifically, appellant argues in his brief
that he Acannot be considered a fugitive from Michigan if the
allegations which gave rise to any pending criminal matter in Michigan have
already been formalized by the Office of the Attorney General in the State of
Texas.@[11]

In his habeas petition, appellant argued, among
other things, that (1) because a contempt action was pending against him in
Hidalgo County for failure to pay the same child support, Michigan had waived
its right to extradition, and (2) neither the affidavit, warrant, or indictment
state that he was present in Michigan at the time of the offense and that he
fled from the state, nor do the documents allege that he committed an act in
Texas, or a third state, resulting in a crime in Michigan.[12]  At the hearing, appellant argued only that
the documents supporting the extradition request failed to comply with section
3 of article 51.13 of the code of criminal procedure because the documents
failed to recite that  Athe accused was present in the demanding State at
the time of the commission of the alleged crime, and that thereafter he fled
from the State . . .@[13] 

When a complaint on appeal differs from that made at
trial, the error is waived.[14]   Because appellant denied the trial court an
opportunity to rule on the specific complaint he argues on appeal (i.e.,
appellant=s status as a fugitive), he presents nothing for
review.[15]








We overrule appellant=s sole
issue and AFFIRM the trial court=s denial of appellant=s
petition for writ of habeas corpus. 

 

 

_______________________

LINDA REYNA YAÑEZ,

Justice

 

Do not publish.                                              

Tex. R. App. P. 47.2(b)

Memorandum Opinion delivered and 

filed this the 25th_day of August, 2005.











[1] See Tex. R. App. P. 47.4.





[2] See Tex. R. App. P. 25.2(a)(2).





[3] Ex parte Potter, 21 S.W.3d
290, 294 (Tex. Crim. App. 2000). 





[4] Id. at 296.





[5] Ex parte Kronhaus, 410
S.W.2d 442, 443 (Tex. Crim. App. 1969); Ex parte Rodriguez, 943 S.W.2d
97, 99 (Tex. App.BCorpus Christi 1997, no pet.).





[6] Ex parte Cain, 592 S.W.2d
359, 362 (Tex. Crim. App. 1980); Rodriguez, 943 S.W.2d at 99.





[7] See U.S. Const. art. IV, ' 2, cl. 2; 18 U.S.C.A. ' 3182 (2005); see also Ex parte Holden, 719 S.W.2d
678, 678 (Tex. App.BDallas 1986, no pet.). 





[8] See Tex. Code Crim. Proc. Ann. art. 51.13, '' 2, 3 (Vernon Supp. 2004-05); see
also Holden, 719 S.W.2d at 678.





[9] See Tex. Code Crim. Proc. Ann. art. 51.13, ' 6 (Vernon Supp. 2004-05); see
also Ex parte Harrison, 568 S.W.2d 339, 343 (Tex. Crim. App. 1978).  The State contends appellant=s extradition was authorized under
section 6.    





[10] See Potter, 21 S.W.3d at
294.  A fugitive is "a person
charged in the demanding state with committing a crime in the demanding state
and fleeing therefrom." Castillo v. State, 700 S.W.2d 350, 351
(Tex. App.BCorpus Christi 1985, no writ)
(quoting Ex Parte Harrison, 568 S.W.2d 339, 343 (Tex. Crim. App. 1978)).  The term also includes an individual who
intentionally commits an act in one state resulting in a crime in another
state, who thus seeks to abate the administration of justice in the state where
the offense was perpetrated.  See
Harrison, 568 S.W.2d at 344.  





[11] At the habeas hearing, appellant
introduced into evidence an AOrder to Appear and Show Cause@ in cause number F-009-99-1, styled
In the Interest of C. Vives, T. Vives, Minor Children, in County
Court-at-Law No. 1 in Hidalgo County. 
The document states appellant is ordered to appear on December 4,
2002.  





[12] See Tex. Code Crim. Proc. Ann. art. 51.13 '' 3, 6 (Vernon Supp. 2004-05). 





[13] See id. ' 3.





[14] See Tex. R. App. P. 33.1; Rezac v. State, 782 S.W.2d 869,
870 (Tex. Crim. App. 1990); Alvarado v. State, 822 S.W.2d 236, 239 (Tex.
App.BHouston [14th Dist.] 1991, pet. ref=d) (holding an objection must call
the attention of the trial court to the specific complaint raised on
appeal).  





[15] See Alvarado, 822 S.W.2d at
239.