**Robert Earl ARCENEAUX, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–86–00948–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

July 23, 1987.

Rehearing Overruled Aug. 31, 1987.

Stanley G. Schneider, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., Timothy G. Taft, Harris County Asst. Dist. Atty., Houston, for appellee.

Before EVANS, C.J., and COHEN and HOYT, JJ.

OPINION

EVANS, Chief Justice.

A jury convicted the appellant of delivery of cocaine, weighing less than 28 grams,

enhanced by a prior felony conviction, and assessed punishment at 50 years confinement and a $10,000 fine.

Houston Police Officer Cedric W. Johnson testified that, while working as an undercover officer for the Baytown Police Department, he purchased a "rock" of cocaine from the appellant for $20. Johnson's partner, E.L. Wittaker, also purchased cocaine from another source at the same location. Officer Johnson testified that as soon as he made the purchase, he put the cocaine in an ash tray and drove to the Baytown Police Department, where he delivered the substance to Detective James Thornton.

Detective Thornton testified that when he received the small rock of cocaine from Officer Johnson, he placed the rock in a small, clear envelope and typed a submission form to the Department of Public Safety Laboratory. He then placed the clear envelope containing the rock and the form in an another envelope, and placed the envelope in his desk, which he locked. The next day, Thornton personally delivered the envelope to the Department of Public Safety Laboratory. At trial, Thornton identified State's Exhibit 1 as the envelope in which he had placed the submission form and rock and State's Exhibit 2 as the packet in which he placed the rock. He also stated that the rock was in the exhibit packet when he delivered the package to the lab.

Lou Haby, a Department of Public Safety chemist, testified that State's Exhibit 2, a plastic ziplock bag, was inside State's Exhibit 1, which was sealed when received, and that State's Exhibit 2 contained .05 grams of cocaine. Haby stated that because the rock was small, he used the entire rock for analysis, and none remained after testing that could be admitted in evidence at trial. The State then admitted State's exhibits 1 and 2 into evidence.

■ In his first point of error, the appellant contends that the evidence is insufficient because the cocaine was not introduced into evidence, and the court's charge contained the following instruction:

Before you would be warranted in convicting the defendant *you must find* from the evidence beyond a reasonable doubt *that the exhibit introduced in evidence by the State is cocaine.* (Emphasis added.)

Now, if you find from the evidence beyond a reasonable doubt that on or about the 29th day of April, 1986, in Harris County, Texas, the defendant, Robert Earl Arceneaux, did then and there intentionally or knowingly deliver by actual transfer to C.W. Johnson, a controlled substance, namely, cocaine, weighing by aggregate weight, including any adulterants or dilutants, less than 28 grams, then you will find the defendant guilty of delivery of a controlled substance as charged in the indictment.

The State did not object to the charge, and the appellant argues that the charge placed the burden on the State to produce an exhibit in evidence that the jury could have found beyond a reasonable doubt was cocaine.

This same contention was raised in *Lozano v. State*, 676 S.W.2d 433 (Tex.App.— Waco 1984, no pet.), where the court's charge instructed the jury not to convict the defendant "unless the exhibits introduced in evidence by the State are marijuana," and where the marijuana had been destroyed prior to trial. There the court found that the evidence was sufficient to support the appellant's conviction and held that the instruction was "merely surplusage and must be construed as an inadvertent or clerical error on the part of the court." 676 S.W.2d at 436.

■ We agree with the *Lozano* holding and find that in viewing the charge as a whole, the instruction was surplusage and not a matter that "describes or explains an essential element of the offense charged." *See Ortega v. State*, 668 S.W.2d 701, 704 (Tex.Crim.App.1983). Although the court in *Ortega* held that "there is no such thing as 'surplusage' in the part of the court's instructions to the jury which authorizes a conviction," 668 S.W.2d at 704–05, note 10, and 707, note 5 (op. on reh'g), the language in the jury charge in *Ortega* added an

**608**

"element," as defined by Tex. Penal Code Ann. sec. 1.07(13) (Vernon 1974), into the State's burden of proof. Likewise, the jury charges in *Garrett v. State,* No. 642–83 (Tex.Crim.App., June 11, 1986) (not yet reported); *Stephens v. State,* 717 S.W.2d 338 (Tex.Crim.App.1986); and *Benson v. State,* 661 S.W.2d 708 (Tex.Crim.App.1982) (op. on reh'g), all involved "elements" of the State's burden of proof. The charge in the instant case did not involve an "element" of the State's burden; rather, it improperly required the State to introduce into evidence an exhibit that did not exist. We believe that this is surplusage, outside the rule in *Ortega,* because it does not constitute, describe, or explain an element of the offense charged. The evidence clearly established that the appellant intentionally and knowingly delivered a controlled substance, namely, cocaine, weighing less than 28 grams. The fact that the cocaine was not in the State's exhibits at the time of trial is irrelevant when the officers' testimony clearly established a proper chain of custody, and the chemist's testimony showed that the rock contained in the State's exhibits prior to trial was cocaine. In such circumstances, the State is not required to offer the contraband into evidence. *See Lake v. State,* 577 S.W.2d 245 (Tex.Crim.App.1979).

Point of error one is overruled.

In point of error two, the appellant maintains that the evidence is insufficient to prove that the substance identified by the State's chemist as cocaine was the same substance delivered by the appellant to Officer Johnson.

The appellant first suggests that another drug sample could have been exchanged and submitted for analysis in place of the substance that the appellant sold Johnson, because Officer Wittaker testified that they "might have" made other drug purchases that day. But Officer Wittaker also testified that he believed that only two purchases were made that day, one by himself and one by Johnson, and that each officer maintained custody of the contraband purchased.

The appellant also argues that the State's chemist testified that when he received State's Exhibits 1 and 2, they contained "a white substance, a white powder," while Officer Johnson testified that the appellant had sold him "a small off-white rock" of cocaine. But the record reflects that the chemist later testified that the cocaine was delivered to him in rock form.

Viewing the evidence in the light most favorable to the verdict, we find that a rational trier of fact could have found beyond a reasonable doubt that the substance analyzed by the chemist was the "rock" delivered to Johnson by the appellant.

Point of error two is overruled.

The judgment is affirmed.