**Robert Earl ARCENEAUX, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 1092–87.

Court of Criminal Appeals of Texas, En Banc.

Oct. 24, 1990.

Rehearing Overruled Feb. 13, 1991.

---

1. Tex.Bus. & Com.Code Ann. § 26.01 (Vernon 1987).

Henry L. Burkholder, III, John Carlisle, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., and Winston E. Cochran, Jr. and Roe Morris, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

### PER CURIAM.

Appellant was convicted for the offense of delivery of less than twenty-eight grams of cocaine. After pleading "true" to the enhancement paragraph, punishment was assessed by the jury at 50 years in the Texas Department of Corrections[1] and a $10,000 fine. The conviction was affirmed on direct appeal. *Arceneaux v. State*, 735 S.W.2d 606 (Tex.App.—Houston [1st Dist.] 1987). We granted appellant's petition for discretionary review to determine whether the Court of Appeals, in apparent conflict with applicable decisions of this Court,[2] erred in holding the evidence sufficient to support the conviction where the jury was instructed it must find the exhibit introduced by the State to be cocaine before convicting appellant, while the referenced exhibit was merely the empty envelope from which the drug had been removed for testing purposes. We shall reverse the judgment below.

The record reflects a Houston Police Department undercover officer purchased a "rock" of cocaine weighing approximately .05 grams from appellant for $20.00. The undercover officer then drove to the Baytown Police Department where he delivered the substance to Detective James Thornton. Thornton testified he placed the substance in a clear ziplock bag, typed a submission form to the D.P.S. Laboratory, put both ziplock bag and form into an envelope, sealed it and placed it into his desk drawer, which he locked. The following day, Thornton delivered the envelope to the Department of Public Safety Laboratory. At trial, Thornton identified both the plastic bag (State's Exhibit # 2) and envelope (State's Exhibit # 1) in recounting the chain of custody of the cocaine. Lou Haby, a D.P.S. chemist, followed Thornton to the stand and testified he received the sealed envelope containing the bagged substance, used the whole amount of the substance for analysis, and determined the clear bag contained .05 grams of cocaine. The two exhibits were admitted into evidence over defense objection that the State had failed to introduce any of the actual illegal substance into evidence before the jury.

On direct appeal, appellant contended the evidence was insufficient because the cocaine was not introduced into evidence, and the trial court's charge to the jury contained the following instruction:

> Before you would be warranted in convicting the defendant you must find from the evidence beyond a reasonable doubt that the exhibit introduced in evidence by the State is cocaine.

> Now, if you find from the evidence beyond a reasonable doubt that on or about

---

1. Now the *Texas Department of Criminal Justice,* Institutional Division.

2. Tex.R.App.P. 200(c)(3).

the 29th day of April, 1986, in Harris County, Texas, the defendant, Robert Earl Arceneaux, did then and there intentionally or knowingly deliver by actual transfer to C.W. Johnson, a controlled substance, namely, cocaine, weighing by aggregate weight, including any adulterants or dilutants, less than 28 grams, then you will find the defendant guilty of delivery of a controlled substance as charged in the indictment.

The State did not object to this charge. Appellant contended the charge placed the burden on the State to produce an exhibit in evidence that the jury could have found beyond a reasonable doubt was cocaine. Citing this Court's decisions in *Stephens v. State*, 717 S.W.2d 338 (Tex.Cr.App.1986); and *Benson v. State*, 661 S.W.2d 708 (Tex. Cr.App.1982), appellant argued since no cocaine was introduced, and since the charge required the jury to find the exhibits introduced were cocaine, the evidence was insufficient and an acquittal should be entered. The appeals court disagreed:

> This same contention was raised in *Lozano v. State*, 676 S.W.2d 433 (Tex.App.— Waco 1984, no pet.), where the court's charge instructed the jury not to convict the defendant 'unless the exhibits introduced in evidence by the State are marijuana,' and where the marijuana had been destroyed prior to trial. There the court found that the evidence was sufficient to support the appellant's conviction and held that the instruction was 'merely surplusage and must be construed as an inadvertent or clerical error on the part of the court.' 676 S.W.2d at 436.
>
> We agree with the *Lozano* holding and find that in viewing the charge as a whole, the instruction was surplusage and not a matter that 'describes or explains an essential element of the offense charged.' *See Ortega v. State*, 668 S.W.2d 701, 704 (Tex.Cr.App.1983). Although the court in *Ortega* held that 'there is no such thing as "surplusage" in the part of the court's instructions to the jury which authorizes a conviction,' 668 S.W.2d at 704–05, note 10, and 707, note 5 (op. on reh'g), the language in the

jury charge in *Ortega* added an 'element,' as defined by Tex.Penal Code Ann. sec. 1.07(13) (Vernon 1974), into the State's burden of proof.

> Likewise noting that our opinions in *Stephens* and *Benson*, both supra, involved "elements" of the State's burden of proof, the court distinguished the instant case since the charge error did not involve an "element" of the State's burden of proof but "improperly required" the State to introduce into evidence an exhibit that did not exist. The appeals court concluded:

> We believe that this (part of the charge) is surplusage, outside the rule in *Ortega*, because it does not constitute, describe, or explain an element of the offense charged. The evidence clearly established that the appellant intentionally and knowingly delivered a controlled substance, namely, cocaine, weighing less than 28 grams. The fact that the cocaine was not in the State's exhibits at the time of trial is irrelevant when the officer's testimony clearly established a proper chain of custody, and the chemist's testimony showed that the rock contained in the State's exhibits prior to trial was cocaine. In such circumstances, the State is not required to offer the contraband into evidence.

*Arceneaux*, 735 S.W.2d at 608. *See also Ortega v. State*, 668 S.W.2d 701 (Tex.Cr. App.1983).

It is axiomatic that the purpose of a sufficiency examination is to determine whether a "rational trier of fact" could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The *Jackson* Court made clear its "rational trier of fact" standard for review of evidentiary sufficiency assumes two things: (1) that the trier of fact has been properly instructed and (2) that the evidence within the record can reasonably support a finding of guilt beyond a reasonable doubt. This Court has recognized that basis for the sufficiency standard. *See Fain v. State*, 725 S.W.2d 200 (Tex.Cr.App.1986). The *Jackson* standard is the foundation for all of this

Court's later machinations concerning exactly what "standard" should be used to define error in a jury charge. The first such example was *Benson, supra,* in which the defendant attacked the sufficiency of the evidence to sustain his conviction for retaliation. The applicable statute created an offense for threatening a "witness" but not a "prospective witness." We held that under the charge, the only authorized verdict was "not guilty" because the evidence showed the person threatened was actually only a prospective witness. The standard set out in that opinion is as follows:

> When a charge is correct for the theory of the case presented we review the sufficiency of the evidence in a light most favorable to the verdict by comparing the evidence to the indictment as incorporated into the charge.

*Id.* at 715. *Benson* became the foundation for subsequent decisions of the Court. *See Ortega* and *Stephens,* both supra; *Marras v. State,* 741 S.W.2d 395 (Tex.Cr.App.1987); *Boozer v. State,* 717 S.W.2d 608 (Tex.Cr. App.1986). *See also Garrett v. State,* 749 S.W.2d 784 (Tex.Cr.App.1986).[3]

*Ortega, supra,* followed our decision in *Benson, supra,* and is instructive both as to the sufficiency issue as well as analysis of the basis for the opinion by the Court of Appeals in the case at bar. In that case, the jury charge tracked the conjunctive language used in the indictment, requiring proof the defendant presented a credit card not his own with the intent to fraudulently obtain property *and* services. On initial submission we held there was sufficient evidence, but reversed ourselves and the conviction without dissent on rehearing after further analyzing the question and determining that there was insufficient evidence to show the "labor" or service by the clerk who assisted the appellant was the intended object of his desire.

In *Ortega, supra,* the Court of Appeals had relied upon the theory that the failure of proof was harmless because the offending allegations were mere "surplusage."

*Ortega v. State,* 653 S.W.2d 825 (Tex.App. —Corpus Christi 1982), citing as authority *Love v. State,* 627 S.W.2d 457 (Tex.App.— Houston [1st Dist.] 1981, no petition). Although predicated in slightly different terms, the appeals court below used a similar argument to find that the instruction at issue, because it did not concern an "element" of the offense, was mere "surplusage." We cannot agree the instructive paragraph at issue was mere "surplusage" simply because it did not involve an "element" necessary to the State's proof. On original submission in *Ortega, supra,* we had cause to examine the "surplusage" exception to the general rule that the State is put to the burden of proving up all allegations alleged in the indictment except for those which are unnecessary or essential to the validity of the charging instrument in the case. Ultimately deciding the lower court erred in holding certain allegations in the charging instrument were surplusage, Judge Clinton, writing for the majority, observed that the concept of surplusage cannot logically be extended to that part of the jury charge which authorizes a conviction:

> But once the phrase is incorporated into the court's instructions to the jury in such a way that the jury *must* find it *before* a verdict of guilt is authorized, Article 36.13, V.A.C.C.P., it must be proved, or the verdict will be deemed 'contrary to the law and evidence.' See Article 40.03(9), V.A.C.C.P. In sum, there is no such thing as 'surplusage' in the part of the court's instructions to the jury which authorizes a conviction, and if the prosecutor believes that portions of the charge unnecessarily increases his burden of proof, it behooves him specially to request a charge which correctly allocates the burden placed on him by law. This is nothing more than the course of law which is due before a person may be deprived of liberty. Article 1.04, V.A.C.C.P. And if the record re-

---

3. Certain language in later opinions questions the validity of *Benson's* requirement of a "correct" instruction. *Given that the Benson standard is based upon the identical requirement in* *Jackson v. Virginia,* we do not doubt the continued viability of the doctrine absent which the standard must lose legitimacy.

flects the prosecutor has pursued this course to protect his lawful obligations, but the trial court has nevertheless refused the amendment to the indictment or submission of the requested charge, and the evidence is found insufficient to support the verdict *because of* the trial court's errors in this regard, those reviewable rulings of the trial court found erroneous by the appellate court constitute 'trial error,' and the State is free to pursue another prosecution.

*Ortega v. State,* 668 S.W.2d at 704–05, n. 10. In our opinion on rehearing, although we reexamined the sufficiency question and found the evidence insufficient to support the conjunctive charge, we also reaffirmed the correctness of Judge Clinton's analysis of the surplusage issue. *Id.* at 707, n. 5.

■ Under the *Ortega* rationale, the litmus test is not whether an instruction concerns an "element" of proof. Instead, the appellate court must look to the charge to determine whether the part at issue is one which "authorizes a conviction." If that question is answered in the affirmative, the particular portion of the charge at issue is not "surplusage." While it will usually follow that authorization for conviction appears in the application paragraph of a typical instruction, wording of the other abstract portion of the charge may also authorize the trier of fact to reach or not reach the ultimate issue in a case. As noted *ante,* the jury in the instant case was given the following instruction just before the application portion of the charge:

*Before you would be warranted in convicting the defendant you must find from the evidence beyond a reasonable doubt that the exhibit introduced in*

*evidence by the State is cocaine.* (emphasis added.)

The wording of the instruction is both specific and clear. Before the jury was authorized to convict appellant, it was required to find from the evidence introduced during trial that the "exhibit" was cocaine. Therefore, we cannot agree with the State that the instruction was surplusage, regardless of the fact the prosecution was not required under the circumstances to introduce the actual controlled substance in the first place. *See Lake v. State,* 577 S.W.2d 245 (Tex.Cr.App.1979) [defendant could be convicted of possession of heroin even though substance was destroyed before trial, where proper chain of custody proven and no showing of bad faith on State's part.]

Moreover, even if we should accept the instruction as surplusage, that fact alone would have no automatic impact on the sufficiency equation given the procedural bar in the instant case. Under *Ortega,* once the instruction, "correct" in terms of the sufficiency rationale of *Jackson v. Virginia* and *Benson,* both supra, was incorporated into the charge in such a manner as to require the jury to find the State had introduced cocaine into evidence before it could render a verdict of guilt, the State was put to the burden of either objecting to the instruction, requesting a modification of the one submitted, or proving the substantive fact therein. Since there was no cocaine to introduce after laboratory testing, the State clearly could not meet its burden of production. Nor did the State object to insertion of this irregular instruction.[4] Based upon the prosecutor's own inaction, the State was held to a higher level of proof than necessary, and the burden was not met in this case. The verdict

---

4. In its brief, the State asks the rhetorical question of how this "mistake" happened, and answers the question by blaming "the brilliant scholar who wrote the 'standard instruction'" and inserted same into the computerized bank in which such charges are stored. The State correctly notes such an instruction does not appear in recognized sources for pattern jury charges. *See* 8 McCORMICK & BLACKWELL, CRIMINAL FORMS ANN. § 111.01 (Texas Practice 9th ed. 1985); McClung, JURY CHARGES

FOR TEXAS CRIMINAL PRACTICE, pp. 215, 217, 221. The State also confesses "probably neither of the (trial) attorneys read the charge very carefully, since the real dispute in the case focused on whether the appellant delivered anything to the undercover officer at all." It would be the better practice to examine the particular charge to ensure that the State's theory is adequately covered, thereby reducing the likelihood that an otherwise good case will be reversed on appeal due to oversight by the prosecution.

272

of guilt in the case is therefore contrary to the law and evidence and must be set aside.

The judgment of the Court of Appeals is reversed, the judgment of the trial court is reversed and the cause is remanded to the trial court for the entry of a judgment of acquittal. *Boozer v. State,* supra, *Ex parte Reynolds,* 588 S.W.2d 900 (Tex.Cr. App.1979).

It is so ordered.

WHITE, J., concurs in the result.

McCORMICK, P.J., and BERCHELMANN, J., dissent.

STURNS, J., not participating.