**Angelee Ann MILLER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 6–92–051–CR.**

Court of Appeals of Texas,
Texarkana.

Jan. 12, 1993.

Discretionary Review Granted
April 21, 1993.

Roger Joyner, Dallas, for appellant.

Gregg Long, Asst. Dist. Atty., Dallas, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

BLEIL, Justice.

Angelee Miller appeals her conviction for credit card abuse. Miller contends that the evidence is insufficient to support the verdict. We disagree and affirm the judgment.

■ Miller's argument is based on a variance between the serial number on the credit card she was indicted for abusing and the number of the card in the jury charge. The indictment alleged and the evidence suggested that Miller stole or received an American Express credit card, number 3732–307090–41000, owned by Frances Gosnell. The State generally must prove the description as alleged. *McWilliams v. State*, 782 S.W.2d 871 (Tex.Crim. App.1990); *Polk v. State*, 749 S.W.2d 813

(Tex.Crim.App.1988). The card alleged in the indictment was proved by the introduction of that credit card into evidence.

The charge asked the jury whether Miller stole or received an American Express credit card, number 3732–307090–4100, owned by Frances Gosnell. Miller did not object to the trial court's jury instruction, even though the instruction contained an incorrect credit card number.[1]

We have reviewed the record in the light most favorable to the prosecution, and we find that any rational trier of fact could have found the essential elements of the crime of credit card abuse beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The State proved Miller was guilty as charged in the indictment. Ordinarily, our review of the evidence would end here.

■ The court of criminal appeals, however, has held that a verdict of guilty necessarily means the jury found evidence of that on which it was authorized to convict and, therefore, the sufficiency of the evidence is measured against the charge that was given. *Boozer v. State*, 717 S.W.2d 608, 610–11 (Tex.Crim.App.1984); *Benson v. State*, 661 S.W.2d 708, 712 (Tex. Crim.App.1982). Accordingly, if the evidence does not conform to the instruction given, it is insufficient as a matter of law to support the only verdict of guilty which was authorized. *Boozer v. State*, 717 S.W.2d at 610–11. Furthermore, the nonconforming portion of the charge may not be disregarded as surplusage if that portion authorized conviction. *Arceneaux v. State*, 803 S.W.2d 267, 271 (Tex.Crim.App. 1990).[2]

■ The charge authorized the jury to convict Miller of a credit card offense. The

---

**1.** In order to complain of a charge error for the first time on appeal, it is ordinarily necessary to show that the error was fundamental and egregious. *Almanza v. State*, 686 S.W.2d 157 (Tex. Crim.App.1984). Miller has not shown fundamental egregious error. However, she makes no complaint about the charge itself, but claims that the evidence is insufficient to support the verdict *because the* credit card alleged and proved had a number different from that in the court's charge.

**2.** Miller argues that *Boozer v. State*, 717 S.W.2d 608 (Tex.Crim.App.1984), and *Benson v. State*, 661 S.W.2d 708 (Tex.Crim.App.1982), mandate that *any* variance between the evidence and the charge, no matter how slight, necessarily requires reversal for insufficiency of the evidence. This would lead to absurd results in this case.

indictment and the evidence supported the jury's finding of guilty on the offense for which the charge authorized conviction. The incorrect card number most likely resulted from a typographical error. Although the credit card number was incorrectly set out in the charge which authorized conviction, the conviction should not be reversed because of a typographical error in the charge.

Our action should not be viewed as disregarding the incorrect number as surplusage. Because the wrong number was contained in that part of the charge which authorizes a conviction, it is not surplusage. *See Arceneaux v. State*, 803 S.W.2d at 271. Rather, the charge error in this case is somewhat analogous to cases involving the doctrine of *idem sonans*, which permits misspelling of a name in legal documents if the attentive listener would find difficulty distinguishing the misspelling from the proper spelling when pronounced. *See, e.g., Martin v. State*, 541 S.W.2d 605, 606–07 (Tex.Crim.App.1976). It seems only logical that, unless it was called to a reader's attention, a normal reader would not distinguish the correct number from an incorrect number, and that any inconsistency would likewise be inconsequential. This might be thought of as a "similar numbers" or "typographical error" doctrine.

The judgment of the trial court is affirmed.