Hutchins v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-93-155-CR

Â Â Â Â Â JOE HUTCHINS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â THE STATE OF TEXAS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
 

From the 87th District Court
Freestone County, Texas
Trial Court # 93-015-CR
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

O P I N I O N
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â A jury found Joe Hutchins guilty of escape and the court, after finding two enhancement
paragraphs true, assessed punishment of thirty years' imprisonment. See Tex. Penal Code Ann.
Â§ 38.07 (Vernon 1989) (current version at Tex. Penal Code Ann. Â§ 38.06 (Vernon 1994)). In
his first point, Hutchins claims that there is a fatal variance between the proof and the indictment. 
In point two he contends the evidence is insufficient to support his conviction. Because we sustain
point two, we will reverse and render a judgment of acquittal. 
Â Â Â Â Â Â In resolving the sufficiency-of-the-evidence issue, we view the evidence in the light most
favorable to the verdict and determine whether any rational trier of fact could have found the
essential elements of the offense charged beyond a reasonable doubt. See Moreno v. State, 755
S.W.2d 866, 867 (Tex. Crim. App. 1988); Mattias v. State, 731 S.W.2d 936, 939-40 (Tex. Crim.
App. 1987), cert. denied, 488 U.S. 831, 109 S.Ct. 86, 102 L.Ed.2d 62 (1988). The jury is
entitled to reject the defensive evidence and credit the state's version of events. Lackey v. State,
819 S.W.2d 111, 116 (Tex. Crim. App. 1989). However, the jury is only authorized to convict
upon the theory contained in the charge. See Deltenre v. State, 808 S.W.2d 97, 99 (Tex. Crim.
App. 1991). Thus, we must measure the evidence with the rational-trier-of-fact standard against
the instructions in the charge. See Arceneaux v. State, 803 S.W.2d 267, 269-70 (Tex. Crim. App.
1990). 
Â Â Â Â Â Â Viewed in the light most favorable to the State, the evidence establishes that on February 4,
1993, Hutchins left the Boyd Unit of the Texas prison system in Freestone County on temporary
furlough. See Tex. Gov't Code Ann. Â§ 501.006 (Vernon Supp. 1994). He was to return at 4:00
p.m. on February 10. Although Hutchins did not return to the prison by that time, he telephoned
and spoke with the prison warden, who gave him an extension of the furlough until 9:00 p.m.
February 10. When Hutchins failed to return at the agreed time, Assistant Warden William
Maggard and Captain Matthew Graham went to Dallas to find him. Ultimately, they found
Hutchins at approximately 6:30 a.m. on February 11 outside a 7-11 convenience store. When
Maggard ordered Hutchins into the car, he replied, "I'm not going back with you," jumped a fence
and ran away. With the assistance of several Dallas police officers, Graham successfully
apprehended Hutchins three hours later and returned him to the Boyd Unit.
Â Â Â Â Â Â The State indicted Hutchins for escape. See Tex. Penal Code Ann. Â§ 38.07. This section
provides:
(a) A person commits an offense if he escapes from custody when he is:
(1) under arrest for, charged with, or convicted of an offense; or
(2) in custody pursuant to a lawful order of a court.
Id. "Escape" is defined as "unauthorized departure from custody or failure to return to custody
following temporary leave for a specific purpose or for a limited period . . . ." Id. Â§ 38.01(3)
(Vernon Supp. 1994) (current version at Tex. Penal Code Ann. Â§ 38.01(2) (Vernon 1994)).
Â Â Â Â Â Â The court's charge instructed the jury that:
[I]f you find from the evidence beyond a reasonable doubt that on or about the 10th
day of February, 1993, in Freestone County, Texas, the defendant, Joe Hutchins, did
then and there intentionally and knowingly escape by unauthorized departure from the
custody of Jerry Gunnels, namely Warden of the William Boyd Jr. Unit of the
Institutional Division of the Texas Department of Criminal Justice, a public servant, who
was acting pursuant to an order of a court . . . then you will find the defendant guilty as
charged.
. . . 
If the defendant's departure was authorized, he would not be guilty of the offense of
escape. The term "unauthorized departure" is not defined in this charge, however, the
term is to be given its commonly understood and ordinary meaning. There was evidence
presented by the State that defendant was granted a furlough in this case. If you find
from the evidence that defendant's departure was authorized, or if you have a reasonable
doubt as to whether defendant's departure was authorized, you will find the defendant not
guilty.
(Emphasis added).
Â Â Â Â Â Â Examining the charge, we conclude that the jury was authorized to convict Hutchins only if
it found that (1) on or about February 10, 1993, (2) in Freestone County, (3) he intentionally and
knowingly, (4) escaped by unauthorized departure, (5) from the custody of the warden of the Boyd
Unit. 
Â Â Â Â Â Â The only evidence produced by the State relating to Hutchins' departure showed that he left
the Boyd Unit under an approved furlough. There is absolutely no evidence to show that he left
the Boyd Unit in Freestone County under any other circumstances. Thus, we conclude that no
rational trier of fact could have found that Hutchins departed from the custody of the warden of
the Boyd Unit in Freestone County without authorization. See Arceneaux, 803 S.W.2d at 269-70. 
Â Â Â Â Â Â The State argues that Hutchins' legal status remained the same regardless of where he was
physically located, citing Harrell v. State, 743 S.W.2d 229, 231 (Tex. Crim. App. 1987), and
Martin v. State, 654 S.W.2d 473 (Tex. App.âWaco 1982), rev'd on other grounds, 652 S.W.2d
777 (Tex. Crim. App. 1983). Thus, according to the State, he was in "constructive custody" when
he was on furlough, and he departed from that custody without authority when he failed to return
to the Boyd Unit. See Lawhorn v. State, 843 S.W.2d 268, 271 n.1 (Tex. App.âAustin 1992, pet.
granted) (Powers, J., dissenting). We believe that this argument is flawed. Under the State's
"constructive custody" theory, there could never be an escape from "custody." See id. at 270
(majority opinion). The State fails to explain how Hutchins' legal status changed when he
unilaterally "extended" his furlough. Presumably, focusing on his legal status, he would remain
in "constructive custody" the entire time he was missing from the Boyd Unit. Thus, he would
have never "escaped" from that custody.
Â Â Â Â Â Â Point two is sustained. Due to this disposition, we do not address point one. The judgment
is reversed and a judgment of acquittal rendered. See Tex. R. App. P. 80(b).
Â 
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â BOB L. THOMAS
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Chief Justice

Before Chief Justice Thomas,
Â Â Â Â Â Â Â Â Â Â Justice Cummings, and
Â Â Â Â Â Â Â Â Â Â Justice Vance
Reversed and acquittal rendered
Opinion delivered and filed October 26, 1994
Do not publish



200%'>Conclusion

   We affirm the judgment of the trial
court.

Â 

Â Â Â Â Â Â Â Â Â  Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  FELIPE
REYNA

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Justice

Â 

Before Chief Justice
Gray,

Â Â Â Â Â Â Â Â Â  Justice
Vance, and

Â Â Â Â Â Â Â Â Â  Justice Reyna

Â Â Â Â Â Â Â Â Â  (Chief
Justice Gray concurring)

Affirmed

Opinion delivered and
filed June 29, 2005

[CV06]









Â Â Â  [1]Â Â Â Â Â Â  Appellees
allege in their pleadings that Gilliam, by the death of her father (FowlerÂs
husband), acquired a 25% interest in the homestead.Â  Because Gilliam was not a
signatory on the home equity lien, Appellees argue that the lien is invalid.

Â