NO.
12-05-00384-CR

NO. 12-05-00385-CR

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

 

CHRISTOPHER EARL THURMAN,         §                      APPEALS
FROM THE 241ST

APPELLANT

 

V.        §                      JUDICIAL DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §                      SMITH
COUNTY, TEXAS

                                                                                                                                                          


MEMORANDUM OPINION

            Christopher
Earl Thurman appeals his convictions for assault on a public servant and
unlawful possession of a firearm. 
Appellant presents three issues on appeal.  We affirm.

 

Background

            On
July 14, 2005, Appellant was charged by indictment with assault on a public
servant, a third degree felony.[1] 
Appellant was also charged by indictment with unlawful possession of a
firearm by a felon, a third degree felony.[2]








 
Appellant pleaded “not guilty” to the charge of assault on a public
servant.  At the trial on that charge,
Officer Michael Kieny testified that he was a patrol officer for the Tyler
Police Department on July 1, 2005.  On
that date, Kieny was called to investigate a disturbance, possibly involving a
person or persons with a gun, at West Oakwood Apartments in Tyler, Texas.  Kieny testified that he traveled to the
apartment complex, parked his marked police automobile on the east side of the
buildings, exited his vehicle, and began to walk toward the buildings.  He was wearing his official uniform with
identifying patches and his badge. 

            Kieny
observed several men walking eastward in front of the building nearest
him.  One of the men, later identified as
Appellant, saw him and immediately ran around the east side of the building
toward the back.  Kieny stated that, as
Appellant was running, he appeared to be cupping something under his arm.  In response, Kieny began to run down the
front of the building to try and cut off Appellant on the west side.  As he ran around the west side of the
building to a parking lot between the buildings, Kieny did not see Appellant
and believed that he had left the area or “ducked” into an apartment or window.


            In
the parking lot, Kieny saw several people arguing.  Believing that this incident may have been
the subject of the disturbance call, he stopped running.  He began walking toward one individual,
Anthony Johnson, because Johnson became extremely nervous upon seeing him.  Kieny walked past the south corner of the
building to contact Johnson and “glimpse[d]” something to his left.  He turned and saw Appellant running, “full
blast,” straight toward him.  Kieny
testified that he barely had time to turn around or try to raise his hand to
tell Appellant to stop when he observed Appellant lower his head, get into a “football
stance,” and clench his fists.  According
to Kieny, Appellant ran into him, knocking him backwards to the ground onto the
concrete part of the sidewalk or parking lot. 
Kieny stated that Appellant had plenty of room to run around him.  Kieny denied that he and Appellant were
coming around the corner of the building at the same time when he was
struck.  He also testified that there was
no obstruction between him and Appellant when Appellant ran toward him.  Although Kieny admitted that the incident
occurred around 8:00 o’clock in the evening, he testified that it was still
bright outside and he had no difficulty seeing Appellant or Johnson.  Kieny testified that, after knocking him down,
Appellant kept running, but was eventually apprehended.  According to Kieny, he was knocked “senseless,”
almost unconscious, and his head was ringing and hurting.  He was transported to the emergency room
where he was diagnosed with a mild concussion, an abrasion to the back of his
head, and a contusion to his scalp.

            Officer
Tommy Lewis, a field training officer for the Tyler Police Department, also
responded to the disturbance call.  He
was wearing his official uniform and parked his marked patrol car near the
apartment complex.  He stated that,
although it was approximately 8:30 in the evening, it was daylight.  Lewis testified that when he crossed to the
back of the buildings, he saw a black male, later identified as Appellant,
leaning into the open passenger window of a parked automobile. When Appellant
stood up, he saw Lewis and immediately began running in the opposite
direction.  Lewis began chasing
Appellant, twice yelling at him to stop and identifying himself as police.  From his position, Lewis saw Kieny come
around the southwest corner of the building and stated that Appellant was
running in Kieny’s direction. According to Lewis, Appellant lowered his head,
squared his shoulders, clenched both fists, bent his elbows at the side as if
he were about to “tackle somebody” on the football field, and “plowed” into
Kieny.  Lewis testified that a person
would have had enough time either to stop, avoid making contact, or go around
Kieny.

            Lewis
testified that the owner of the vehicle Appellant was leaning into gave him
permission to search the vehicle.  During
the search, Lewis found a small zippered container in the front passenger
seat.  Inside the container, Lewis
discovered drugs, including marijuana and rock cocaine,  Appellant’s driver’s license, ammunition,
digital weighing scales, and 
Ziploc-style storage bags.  He
also found a loaded .25 caliber semi-automatic handgun beside the zippered
container. The State introduced evidence showing that Appellant’s fingerprints
and date of birth matched the fingerprints and date of birth of an individual
convicted of felony possession of a controlled substance in 2003. 

            On
October 25, 2005, the jury found Appellant guilty of assault on a public
servant as charged in the indictment.  On
October 26, Appellant pleaded “guilty” to the charge of unlawful possession of
a firearm by a felon.  The trial court
accepted Appellant’s plea and adjudicated him guilty of unlawful possession of
a firearm by a felon.  On November 11,
2005, the trial court assessed Appellant’s punishment at ten years of
imprisonment for each offense and ordered that the sentences be served
concurrently.  This appeal followed.

 

Evidentiary
Sufficiency

            In
his first and second issues regarding his conviction of assault on a public
servant, Appellant argues that the evidence was legally and factually
insufficient to support his conviction. The State disagrees.

Standard of Review

            “Legal
sufficiency is the constitutional minimum required by the Due Process Clause of
the Fourteenth Amendment to sustain a criminal conviction.”  Escobedo v. State, 6 S.W.3d 1,
6 (Tex. App.–San Antonio 1999, pet. ref’d) (citing Jackson v. Virginia,
443 U.S. 307, 315-16, 99 S. Ct. 2781, 2786-88, 61 L. Ed. 2d 560 (1979)).  The standard of review is whether any
rational trier of fact could have found the essential elements of the offense
beyond a reasonable doubt.  Jackson,
443 U.S. at 319, 99 S. Ct. at 2789; LaCour v. State, 8 S.W.3d
670, 671 (Tex. Crim. App. 2000).  The
evidence is viewed in the light most favorable to the verdict.  Jackson, 443 U.S. at 319, 99 S.
Ct. at 2789; LaCour, 8 S.W.3d at 671.  The conviction will be sustained “unless it
is found to be irrational or unsupported by more than a ‘mere modicum’ of the
evidence.”  Moreno v. State,
755 S.W.2d 866, 867 (Tex. Crim. App. 1988). 
The jury is the sole judge of the credibility of witnesses and of the
weight to be given their testimony.  Barnes
v. State, 876 S.W.2d 316, 321 (Tex. Crim. App. 1994).  Any reconciliation of conflicts and
contradictions in the evidence is entirely within the jury’s domain.  Losada v. State, 721 S.W.2d
305, 309 (Tex. Crim. App. 1986).  If a
reviewing court finds the evidence legally insufficient to support a
conviction, the result is an acquittal.  Tibbs
v. Florida, 457 U.S. 31, 41-42, 102 S. Ct. 2211, 2217-18, 72 L. Ed. 2d
652 (1982).  

            In
conducting a factual sufficiency review of the evidence, we consider all of the
evidence weighed by the jury that tends to prove the existence of the elemental
fact in dispute and compare it to the evidence that tends to disprove that
fact.  See Santellan v. State,
939 S.W.2d 155, 164 (Tex. Crim. App. 1997). 
Ultimately, we must ask whether a neutral review of all the evidence,
both for and against the finding, demonstrates that the proof of guilt is so
obviously weak as to undermine our confidence in the jury’s determination, or
the proof of guilt, although adequate if taken alone, is greatly outweighed by
contrary proof.  Johnson v. State,
23 S.W.3d 1, 11 (Tex. Crim. App. 2000); see also Ortiz v. State,
93 S.W.3d 79, 87 (Tex. Crim. App. 2002) (a verdict will be set aside “only if
the evidence supporting guilt is so obviously weak, or the contrary evidence so
overwhelmingly outweighs the supporting evidence, as to render the conviction
clearly wrong and manifestly unjust”); see Sims v. State, 99
S.W.3d 600, 601 (Tex. Crim. App. 2003). 
A clearly wrong and manifestly unjust verdict occurs where the jury’s
finding “shocks the conscience” or “clearly demonstrates bias.”  Jones v. State, 944 S.W.2d 642,
648 (Tex. Crim. App. 1996).

            Although
we are authorized to disagree with the jury’s determination, even if probative
evidence exists that supports the verdict, see Clewis v. State,
922 S.W.2d 126, 133 (Tex. Crim. App. 1996), our evaluation should not
substantially intrude upon the jury’s role as the sole judge of the weight and
credibility of witness testimony.  Santellan,
939 S.W.2d at 164.  It is not enough that
we might harbor a subjective level of reasonable doubt to overturn a conviction
that is founded on legally sufficient evidence. 
See Watson v. State, 204 S.W.3d 404, 417 (Tex. Crim. App.
2006).  Where there is conflicting
evidence, the jury’s verdict on such matters is generally regarded as
conclusive.  See Van Zandt v. State,
932 S.W.2d 88, 96 (Tex. App.–El Paso 1996, pet. ref’d).  We cannot declare that a conflict in the
evidence justifies a new trial simply because we disagree with the jury’s
resolution of the conflict.  See Watson,
204 S.W.3d at 417.

Elements of the Offense

            A
person commits the offense of assault if the person intentionally, knowingly,
or recklessly causes bodily injury to another. 
Tex. Pen. Code Ann. §
22.01(a)(1) (Vernon Supp. 2006).  This
offense is a third degree felony if it is committed against a person the actor
knows is a public servant while the public servant is lawfully discharging an
official duty, or in retaliation or on account of an exercise of official power
or performance of an official duty as a public servant.  Tex.
Pen. Code Ann. § 22.01(b)(1) (Vernon Supp. 2006).  “Public servant” means a person elected,
selected, appointed, employed, or otherwise designated as an officer, employee,
or agent of government.  Tex. Pen. Code Ann. § 1.07(41)(A)
(Vernon Supp. 2006).  The actor is
presumed to have known the person assaulted was a public servant if the person
was wearing a distinctive uniform or badge indicating the person’s employment
as a public servant.  Tex. Pen. Code Ann. § 22.01(d) (Vernon
Supp. 2006). 

Legal Sufficiency

            Appellant
argues that the evidence was legally insufficient to support the jury’s verdict
because there was no evidence that Appellant knew Kieny was lawfully
discharging an official duty, investigating criminal activity, when he assaulted
Kieny. Appellant complains that the jury charge required the jury to convict
only if they believed that Appellant knew at the time of the assault that Kieny
was not only a public servant, but also that he was investigating criminal
activity.  Moreover, Appellant argues
there was no evidence that Kieny was a “Tyler Police Officer Deputy.”  The application paragraph of the jury charge,
which tracked the language of the indictment, stated that 

 

on or about the 1st
day of July, 2005, in Smith County, Texas, the defendant, CHRISTOPHER THURMAN,
did then and there intentionally, knowingly, or recklessly cause bodily injury
to Michael Kieny by striking with his body, and the defendant did then and
there know that the said Michael Kieny was then and there a public servant,
to-wit: Tyler Police Officer Deputy, and that the said Michael Kieny was then
and there lawfully discharging an official duty, to-wit: investigating criminal
activity. . . .

 

 

            We
note that the State need not prove that Appellant knew that Kieny was “lawfully
discharging an official duty.”  Montoya
v. State, 744 S.W.2d 15, 30 (Tex. Crim. App. 1987)  (overruled on other grounds by Cockrell
v. State, 933 S.W.2d 73 (Tex. Crim. App.  1996))(quoting Salazar v. State,
643 S.W.2d 953, 956 (Tex. Crim. App. 1983)). 
However, Appellant argues that the State accepted a higher burden by
permitting the trial court to submit an application paragraph that required the
jury to convict only if they believed Appellant knew at the time of the assault
that Kieny was not only a public servant, but that he was also investigating
criminal activity. In support of his argument, Appellant cites Arceneaux
v. State, 803 S.W.2d 267 (Tex. Crim. App. 1990) and Ortega v.
State, 668 S.W.2d 701 (Tex. Crim. App. 1983).  However, this line of cases was overruled by
the court of criminal appeals in Malik v. State, 953 S.W.2d 234,
239-40 (Tex. Crim. App. 1997). In Malik, the court held that “the
sufficiency of the evidence should be measured by the elements of the offense
as defined by the hypothetically correct jury charge.”  Id. at 240.  Such a charge is “one that accurately sets
out the law, is authorized by the indictment, does not unnecessarily increase
the State’s burden of proof or unnecessarily restrict the State’s theories of
liability, and adequately describes the particular offense for which the
defendant was tried.”  Id.  Thus, the sufficiency of the evidence is no
longer measured by the application paragraph of the charge, but by the
essential elements of the offense as contained in a hypothetically correct jury
charge.  

            For
the offense of assault on a public servant, a hypothetically correct jury
charge does not require proof that a defendant knew at the time of the assault
that the public servant was lawfully discharging an official duty or proof that
he knew the nature of that duty. 
Consequently, Appellant’s argument that the State had to prove that he
knew at the time of the assault that Kieny was not only a public servant, but
that he was also investigating criminal activity is without merit.

            Appellant
also argues that the State accepted a higher burden by permitting the trial
court to submit an application paragraph that required the jury to convict only
if they believed Appellant knew at the time of the assault that Kieny was a
Tyler Police Officer Deputy. According to Appellant, there was no evidence that
Kieny was a deputy, although he admitted there was evidence that Kieny was a
police officer.  We note that, under Malik,
the law as “authorized by the indictment” was the statutory elements of the
offense “as modified by the charging instrument.” Gollihar v. State,
46 S.W.3d 243, 254 (Tex. Crim. App. 2001) (quoting Curry v. State,
30 S.W.3d 394, 404 (Tex. Crim. App. 2000)). 
A hypothetically correct jury charge would not simply quote from the
controlling statute, but would have its basis in the indictment
allegations.  Id. at
254-55. However, a hypothetically correct jury charge need not incorporate allegations
that give rise to immaterial variances.  Id.
at 256.

            A
variance between the indictment and the evidence at trial may be fatal to a
conviction, but only if the variance is material.  Rojas v. State, 986 S.W.2d 241,
246 (Tex. Crim. App. 1998).  A variance
is material only if it operated to the defendant’s surprise or prejudiced his
rights.  Id. Appellant was
provided with Kieny’s full name in the indictment and on the State’s witness
list.  The State listed Kieny as being
with the Tyler Police Department.  At
trial, Kieny testified that he was a patrol officer with the Tyler Police
Department.  Appellant was not surprised
by the fact that Kieny was not a deputy nor was he prejudiced by this
fact.  Thus, the variance was immaterial
and the hypothetically correct jury charge need not have incorporated the
allegation that Kieny was a deputy. Consequently, Appellant’s argument that the
State had to prove that he knew at the time of the assault that Kieny was a
deputy is without merit.  Therefore,
viewing the evidence in the light most favorable to the jury’s verdict, we
conclude that a rational trier of fact could have found the elements of assault
on a public servant beyond a reasonable doubt.

Factual Sufficiency

            Having
determined that the evidence is legally sufficient to support the verdict, we
address factual sufficiency and consider the record in its entirety.  See Johnson, 23 S.W.3d at
11.  Appellant argues that the properly
admitted evidence was factually insufficient to support a conviction, contending
that testimony regarding the drugs and handgun found in the vehicle should not
have been admitted.  Further, Appellant
contends that this evidence was not relevant to the assault charge.
Additionally, Appellant argues that the State should not have been allowed to
introduce evidence that he was a convicted felon because he did not testify. 

            Evidence
of other crimes, wrongs, or acts, although relevant, is not admissible to prove
the character of a person in order to show action in conformity therewith.  See Tex.
R. Evid. 404(b).  Extraneous
offense evidence may, however, be admissible for other purposes, such as proof
of motive, opportunity, intent, preparation, plan, knowledge, identity, or
absence of mistake or accident. Tex. R.
Evid. 404(b).  This list of other
purposes for which an extraneous offense might be admissible is not
exhaustive.  Castaldo v. State,
78 S.W.3d 345, 349-50 (Tex. Crim. App. 2002). 
If extraneous offense evidence is not relevant apart from supporting an
inference of character conformity, it is inadmissible under Rule 404(b).  Montgomery v. State, 810 S.W.2d
372, 387 (Tex. Crim. App. 1990) (op. on reh’g). 
After the opponent objects to the evidence under Rule 404(b), the
proponent of the evidence has the burden to satisfy the trial court that the
evidence has relevance apart from its tendency to show that he acted in
character conformity.  Id.  Evidence is relevant that has any tendency to
make the existence of any fact that is of consequence to the determination of
the action more probable or less probable than it would be without the
evidence.  Tex. R. Evid. 401; Montgomery, 810 S.W.2d at
386. 

            In
this case, over Appellant’s objection, the trial court admitted testimony that
Appellant was a convicted felon and that Lewis found, among other items, drugs,
a handgun, and Appellant’s driver’s license in the vehicle.  The State argued that the testimony was
admissible to show Appellant’s motive, intent, and identification.  The trial court ruled that the probative
value of the evidence regarding the drugs and the handgun outweighed its
prejudicial value, and that it was relevant and admissible.  Further, regarding the testimony that
Appellant was a convicted felon and in possession of a firearm when he fled and
assaulted Kieny, the trial court ruled that the testimony was relevant and
admissible on the grounds of Appellant’s intent in committing the assault,
knowing that he was a felon in possession of a firearm. 

            Intent
is a fact of consequence when the indictment requires the State to show beyond
a reasonable doubt that a defendant committed an act with a specific
intent.  Boudreaux v. State,
No. 14-03-00275-CR, 2004 WL 1877714, at *3 (Tex. App.–Houston [14th Dist.]
2004, pet. ref’d) (mem. op., not designated for publication) (citing Morgan
v. State, 692 S.W.2d 877, 880 (Tex. Crim. App. 1985)).  In this case, the indictment included an
allegation that Appellant intended to cause bodily injury to Kieny.  Thus, Appellant’s intent was a fact of
consequence.  We must further determine
whether intent was in dispute.  In Texas,
a simple plea of “not guilty” does not put intent at issue. See Robbins
v. State, 88 S.W.3d 256, 260-61 (Tex. Crim. App. 2002).  However, intent is a contested issue for
purposes of justifying the admission of extraneous offense evidence if the
required intent for the subject offense cannot be inferred from the act itself
or if the defendant presents evidence to rebut the inference that the required
intent existed.  Hudson v. State,
112 S.W.3d 794, 803 (Tex. App.–Houston [14th Dist.] 2003, pet. ref’d).  Moreover, an appellant can put his intent at
issue through vigorous cross examination or other means, i.e., the presentation
of various defensive theories.  Robbins,
88 S.W.3d at 261. 

            Appellant
questioned Kieny and Lewis regarding the time of day that the assault occurred,
intimating that at 8:00 or 8:30 in the evening, Appellant could not have seen
Kieny or seen that Kieny was a police officer. 
Both officers testified that it was still light outside.  During his cross examination of Kieny,
Appellant suggested that Kieny had no knowledge of what had happened in the
apartment complex prior to his arrival, i.e., threats or assaults.  Kieny was also questioned regarding how much time
lapsed between seeing Appellant out of the corner of his eye and the
assault.  However, Kieny and Lewis stated
that Appellant had enough time to stop or avoid Kieny before the assault.  During Lewis’s cross examination, he
acknowledged that he never saw Appellant with a handgun nor did he see
Appellant carrying the zippered container. 
The responses of the State’s witnesses raised defensive theories that
Appellant did not see Kieny before the assault or that he could not determine
if Kieny was a police officer.  See
Robbins, 88 S.W.3d at 261. 
Moreover, Lewis’s testimony also raised the defensive theory that
Appellant did not possess the handgun or drugs later found in the vehicle.  See id.  Because intent was a fact of consequence,
relevant, and controverted by Appellant, we conclude that evidence of the
extraneous offense was admissible under Rule 404(b) for the purpose of intent
to cause bodily injury to Kieny.  See Tex. R. Evid. 404(b). 

            Evidence
that logically serves a purpose such as proof of motive is relevant beyond its
tendency to prove conforming character.  Tex. R. Evid. 404(b); Montgomery,
810 S.W.2d at 387; Slaughter v. State, No. 14-05-00863-CR, 2006
WL 2805564, at *3 (Tex. App.–Houston [14th Dist.] Oct. 3, 2006, no pet.) (mem.
op., not designated for publication). 
Evidence of motive is always relevant and admissible to prove that a
defendant committed the offense alleged. 
Crane v. State, 786 S.W.2d 338, 349-50 (Tex. Crim. App.
1990); Slaughter, 2006 WL 2805564, at *3.  Here, evidence that Appellant possessed drugs
and a handgun and that he had previously been convicted of a felony indicated a
motive for assaulting Kieny in order to flee the officers.  See Peterson v. State, 836
S.W.2d 760, 763 (Tex. App.–El Paso 1992, pet. ref’d); Slaughter,
2006 WL 2805564, at *3. Therefore, the evidence was not admitted to show that
Appellant acted in conformity with his character, but to show his motive for
assaulting Kieny.  Because the evidence
regarding the drugs and handgun found in the vehicle and Appellant’s previous
felony conviction is relevant and tended to prove something other than
Appellant’s character, we conclude that the extraneous offense was admissible
under Rule 404(b) for the purpose of motive to cause bodily injury to
Kieny.  See Tex. R. Evid. 404(b).

            In
this case, the jury determined the credibility of the witnesses and resolved
the evidentiary inconsistencies in the State’s favor, which is its prerogative
as fact finder.  Having reviewed the
record in its entirety, we conclude that the jury was entitled to find that
Appellant saw Kieny at the back of the apartment complex, observed that Kieny
was a police officer, and ran into and knocked Kieny to the ground, causing him
to sustain bodily injuries.  Our review
of the record as a whole, with consideration given to all of the evidence, both
for and against the jury’s finding, has not revealed to us any evidence that
causes us to conclude that the proof of guilt is so obviously weak or is
otherwise so greatly outweighed by contrary proof as to render Appellant’s
conviction clearly wrong or manifestly unjust. 
See Ortiz, 93 S.W.3d at 87; Johnson, 23
S.W.3d at 11; Jones, 944 S.W.2d at 648.  Therefore, we conclude that the evidence was
factually sufficient for the jury to find Appellant guilty of assault on a
public servant as charged in the indictment. 
Accordingly, Appellant’s first and second issues are overruled.

 

Presumption
Instruction

            In
his third issue, Appellant contends that the trial court erred when it failed
to give the required charge on presumptions according to section 2.05(a)(2) of
the Texas Penal Code after charging the jury on the existence of a presumption
under section 22.01(d) of the Texas Penal Code. The instruction given stated, “The
defendant is presumed to have known the person assaulted was a public servant
if the person was wearing a distinctive uniform or badge indicating the person’s
employment as a public servant.”  See Tex. Pen. Code Ann. § 22.01(d) (Vernon
Supp. 2006).  If the trial court includes
a section 22.01(d) instruction on a presumed fact, section 2.05(a)(2) mandates
that the trial court charge the jury

 

                (A)          that the facts giving rise to the
presumption must be proven beyond a reasonable doubt;

                

                (B)          that if such facts are proven beyond a
reasonable doubt the jury may find that the element of the offense sought to be
presumed exists, but it is not bound to so find;

 

                (C)          that even though the jury may find the
existence of such element, the state must prove beyond a reasonable doubt each
of the other elements of the offense charged; and

 

                (D)          if the jury has a reasonable doubt as
to the existence of a fact or facts giving rise to the presumption, the
presumption fails and the jury shall not consider the presumption for any
purpose.

 

 

Tex. Pen.
Code Ann. § 2.05(a)(2)
(Vernon Supp. 2006).  The trial court
erred in not including this mandatory instruction in the charge.  Anderson v. State, 11 S.W.3d
369, 373-74 (Tex. App.–Houston [1st Dist.] 2000, pet. ref’d); Rudd v.
State, 921 S.W.2d 370, 372-73 (Tex. App.–Texarkana 1996, pet. ref’d). 

            Appellant
raised no objection to this omission at trial. In the absence of objection to
charge error, reversal is required only if the harm is so egregious that the
defendant has not had a fair and impartial trial.  Almanza v. State, 686 S.W.2d
157, 171 (Tex. Crim. App. 1984).  The
reviewing court is to determine harm in the light of the entire jury charge,
the state of the evidence, including contested issues and the weight of
probative evidence, the argument of counsel, and any other relevant information
revealed by the record as a whole.  Id.  In this case, Kieny testified that he wore
his official Tyler Police Department uniform, together with identifying patches
and badge, and parked his marked Tyler Police Department vehicle near the front
of the apartment complex.  Appellant did
not begin to run until he saw Kieny in his official uniform approach the
apartment complex. Moreover, Appellant ran again when Lewis, wearing his
official uniform, approached him as he stood up beside a vehicle in the back of
the apartment buildings.  Lewis testified
that he twice yelled at Appellant to stop after identifying himself as the
police.  When Appellant ran into Kieny,
both officers testified that there was sufficient light for Appellant to
clearly see Kieny and that he neither stopped nor avoided contact with
Kieny.  In contrast, Appellant suggested
that he could not see Kieny or that he had insufficient time to recognize that
Kieny was a police officer.  Although the
trial court erred in omitting to give the charge required by section 2.05(a)(2)
of the Texas Penal Code, the harm to Appellant cannot be characterized as so
egregious that it deprived him of a fair and impartial trial.  There was an abundance of evidence before the
jury supporting the presumption and little or no evidence contradicting
it.  Accordingly, Appellant’s third issue
is overruled.

 

Possession
of a Firearm by a Felon

            Appellant’s
counsel admits that were this matter not so closely related to the assault
charge he would have filed a brief in compliance with Anders v.
California, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).  Instead, Appellant’s counsel’s brief presents
a chronological summation of the procedural history of the case, states that
Appellant’s plea was voluntary, that his sentence was not illegal, that there
were no irregularities in the plea and subsequent sentence, and that no matters
were preserved for appeal even though Appellant did not waive his right to
appeal.  Appellant’s counsel further
states that there are no grounds for appeal in this matter.  We have likewise reviewed the record for
reversible error and have found none.

 

Disposition

            The
judgments of the trial court are affirmed.

 

                                                                                                     JAMES T. WORTHEN    

                                                                                                                 Chief Justice

 

 

Opinion
delivered January 10, 2007.

Panel consisted of Worthen,
C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

                

(DO NOT PUBLISH)











[1] See Tex.
Pen. Code Ann. § 22.01(a), (b)(1) (Vernon Supp. 2006).





[2] See Tex.
Pen. Code Ann. § 46.04(a), (e) (Vernon Supp. 2006).